UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>PAUL ENGSTROM, VINCENT CUOMO, ABRAHAM ELLIOTT, and JOSEPH KRIEGER,<br><br>Defendants. | Case No. 2:21-cr-00190-APG-EJY<br><br>**ORDER** |

**I.      Background**

Pending before the Court is Defendant Paul Engstrom's Motion seeking copies of transcripts and audio recordings of numerous proceedings involving himself and several of his co-defendants. ECF No. 75. In his filing, Mr. Engstrom (sometimes "Defendant") states that he is housed in CoreCivic's Pahrump facility, he has no access to email, and the "transcripts are required for ongoing litigation regarding detention and/or because Magistrate Judge Weksler stated that the transcript of the oral ruling would act as the written order in the case …" *Id*. at 1.

Mr. Engstrom requests transcripts and recordings of eight hearings occurring on various dates beginning on June 23 and ending on October 8, 2021. *Id*. Five of these hearings involve his co-defendants. *Id*. Mr. Engstrom argues that he needs these transcripts "as soon as possible as they will be necessary to properly respond in [sic] motions pending before the court." *Id*. at 2. Mr. Engstrom concludes that he must obtain the transcripts and recordings quickly because he only has seven days to file a reply to a response to any motion he files, and that it takes up to six days for him to receive mail. *Id*.

**II.     Discussion**

In *Caswell v. Kirkegard*, Case No. CV 14-47-M-DLC-JCL, 2016 WL 3951075, (D. Mont. July 19, 2016), the court stated:

> an indigent defendant must be provided with a "record of sufficient completeness to permit proper consideration of (his) claims." *Mayer v. City of Chicago*, 404 U.S. 189, 194 (1971) (citations omitted). … Indeed, the need for the transcripts is evaluated under two factors: "(1) the value of the transcript to the defendant in connection with the appeal or trial for which it is sought, and (2) the availability of alternative devices that would fulfill the same functions as a transcript." *Madera v. Risley*, 885 F.2d 646, 648 (9th Cir. 1989) (quoting *Britt v. North Carolina*, 404 U.S. 226, 227, (1971)).

Here, Mr. Engstrom explains he needs transcripts of eight hearings. However, given that Mr. Engstrom cannot represent any of his co-defendants[1] there is no basis the Court can discern to grant Defendant's request for transcripts of five hearings pertaining to his co-defendants.

With respect to transcripts of hearings involving Mr. Engstrom, these include: (1) his initial appearance on June 23, 2021, at which he was detained (ECF No. 7); (2) the August 4, 2021 hearing regarding Mr. Engstrom's Motion to Reopen Detention at which the issue was taken under advisement (ECF No. 38); and, (3) a second hearing on his Motion to Reopen Detention, held on August 17, 2021, at which Defendant's Motion was denied (ECF No. 46). The Court's review of the docket shows that no transcript of any of the proceedings involving Mr. Engstrom were prepared. Nonetheless, on October 6, 2021, Mr. Engstrom filed a motion seeking review by a District Judge of the detention order entered by the Magistrate Judge on August 17, 2021. ECF No. 63. The government filed a response to Mr. Engstrom's Motion on October 20, 2021.

Mr. Engstrom seeks transcripts of his initial appearance and of the hearings at which his Motion to Reopen Detention was considered and ultimately denied so that he may file his reply in support of his Motion seeking review of the decision made. The Court first finds that the hearings pertaining to Defendant's detention and reopening of detention falls within the definition of proceedings established by the U.S. Supreme Court in *Britt*, *supra*. *See Kennedy v. Lockyer*, 379 F.3d 1041, 1046-47 (9th Cir. 2004) (discussing *Britt* and finding that "*Black's Law Dictionary* defines 'proceeding,' in relevant part, as 'the regular and orderly progression of a lawsuit, including *all* acts and events between the time of commencement to the entry of judgment.' *Black's Law*

---

[1]  *See Simon v. Hartford Life, Inc.*, 546 F.3d 661, 664 (9th Cir. 2008) (a party may represent himself and manage his own case in federal court; however, "[i]t is well established that the privilege to represent oneself *pro se* provided by [28 U.S.C.] § 1654 is personal to the litigant and does not extend to other parties or entities").

2

*Dictionary* 1221 (7th ed. 1999); *see also Black's Law Dictionary* 1204 (6th ed. 1990) ('The proceedings of a suit embrace *all* matters that occur in its progress judicially.') (emphasis in original)"). The Court further finds the value of being able to review the Court's reasoning, as well as the factual and legal basis for the decisions reached, are related to Defendant's Motion pending before the Court. Finally, the Court finds there is no reasonable alternative to the transcripts requested that would allow Defendant access to the information he seeks.

### III. Order

Accordingly, and based on the foregoing, IT IS HEREBY ORDERED that Defendant Paul Engstrom's Motion seeking copies of transcripts and audio recordings of numerous proceedings involving Mr. Engstrom and several of his co-defendants (ECF No. 75) is GRANTED in part and DENIED in part.

IT IS FURTHER ORDERED that transcripts of the hearings pertaining to Defendant's Motion to Reopen Detention, ECF Nos. 7, 38, and 46 shall be prepared and provided by mail to Defendant at no cost. All other transcript requests are denied.

IT IS FURTHER ORDERED that Defendant's Reply in Support of his Motion pending before District Judge Andrew P. Gordon **shall** be due no later than **November 5, 2021**, which allows adequate time for the preparation and mailing of such transcripts and filing Defendant's Reply.

Dated this 20th day of October, 2021.

ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE