# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>PAUL ENGSTROM,<br><br>Defendant. | Case No. 2:21-cr-00190-APG-EJY<br><br>**ORDER DENYING MOTION FOR REVIEW OF MAGISTRATE JUDGE'S DETENTION ORDER**<br><br>(ECF No. 63) |

Defendant Paul Engstrom moves for review of Magistrate Judge Weksler's detention order. I must conduct a *de novo* review of the evidence before Judge Weksler (and any additional evidence submitted by the parties) and make my own independent determination with no deference. *United States v. Koenig*, 912 F.2d 1190, 1193 (9th Cir. 1990).

In determining whether conditions can be fashioned to assure the defendant's appearance and protect the public, I must consider four factors: (1) the nature and circumstances of the offense charged, including whether it is a crime of violence or involves drugs; (2) the weight of the evidence;[1] (3) the history and characteristics of the defendant; and (4) the nature and seriousness of the danger to any person or the community should the defendant be released. 18 U.S.C. § 3142(g).

The Government bears the burden to show by a preponderance of the evidence that Engstrom is a risk of non-appearance; or it may show by clear and convincing evidence that he is a danger to the community. 18 U.S.C. § 3142(f); *Motamedi*, 767 F.2d at 1406-07. Engstrom is

---

[1] This factor "is the least important of the various factors." *United States v. Motamedi*, 767 F.2d 1403, 1408 (9th Cir. 1985). It "may be considered only in terms of the likelihood that the person will fail to appear or will pose a danger to any person or to the community." *Id*.

charged with nine felonies, including possession and distribution of cocaine and conspiracy. ECF No. 17.  There is probable cause to believe he has committed drug offenses for which the penalty is at least ten years' imprisonment.  Thus, a rebuttable presumption exists that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community." 18 U.S.C. § 3142(e)(3)(A).  Although this presumption shifts a burden to Engstrom to "introduce some evidence contrary to the presumed fact," the burden of persuasion remains with the Government. *See United States v. Rodriguez*, 950 F.2d 85, 88 (2d Cir. 1991).  If rebutted, the presumption "continues to be weighed along with other factors to be considered when deciding whether to release" Engstrom. *Id.*

The Government alleges Engstrom ran a sophisticated, lengthy, and highly profitable scheme to sell cocaine throughout the United States and to launder the proceeds through cryptocurrency transactions, all on the dark web.  The evidence against Engstrom is substantial.  Agents investigated and surveilled him and his co-defendants for months.  They seized at least 44 envelopes containing cocaine that the conspirators tried to send through the mail.  Agents determined that Engstrom received and laundered through dark web sites cryptocurrency payments for cocaine shipments.  Engstrom was arrested in a room with a freezer containing a large amount of cocaine.  The key to that freezer was on a keychain with his car key on it.  Bags of cocaine were also out in the open in an adjacent room that Engstrom had access to before police came in.  There are indications that cocaine was flushed down a toilet in another adjacent room Engstrom had access to while police were entering the premises.

Engstrom is a danger to the community.  He previously pleaded guilty to possession with intent to distribute a controlled substance and conspiracy, and he was sentenced to 24 months in prison. *U.S. v. Engstrom*, Case No. 2:15-cr-00255-JAD-PAL, ECF No. 118.  He was granted

early termination of his supervised release on January 3, 2019. *Id.* at ECF No. 130. The Government's investigation indicates Engstrom became involved in this scheme within eight months (if not sooner), by no later than August 2019. ECF No. 17 at 2. That he allegedly resumed drug trafficking so soon after termination of supervision—and at such a large scale—is clear and convincing evidence that he is a danger to the community.

Engstrom told the Pretrial Services Officer that he owns $8,000,000 - 10,000,000 in cryptocurrency. Engstrom points out that the Government has seized his personal computers and crypto wallets so he cannot access those funds. But to the extent his cryptocurrency is not stored on his personal computers, he could access those funds through the internet if the keys are stored or copied somewhere else. I agree with Judge Weksler that Engstrom's facility with the dark web and access to millions of dollars' worth of cryptocurrency show by a preponderance of the evidence that he is a flight risk.

Engstrom has not rebutted the presumption that there are no conditions that would reasonably protect the community against the risk of danger he poses and to assure his appearance.

I THEREFORE ORDER that Engstrom's motion for review of the detention order **(ECF No. 63) is DENIED**.

DATED THIS 24th day of November, 2021.

_____
UNITED STATES DISTRICT JUDGE