CHRISTOPHER CHIOU
Acting United States Attorney
Nevada Bar No. 14853
SUSAN CUSHMAN
CHRISTOPHER BURTON
Nevada Bar No. 12940
KIMBERLY SOKOLICH
501 Las Vegas Boulevard South, Suite 1100
Las Vegas, Nevada 89101
Tel: (702) 388-6336
Susan.Cushman@usdoj.gov
Chris.Burton4@usdoj.gov
Kimberly.Sokolich@usdoj.gov
*Attorneys for the United States*

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| United States of America, | Case No.: 2:21-cr-00190-APG-EJY |
| Plaintiff, | |
| v. | **Government's Response in Opposition to Defendant's "Motion to Reconsider Order Denying Motion for Review of Magistrate Judge's Detention Order" [ECF No. 97]** |
| PAUL ENGSTROM, | |
| Defendant. | |

CERTIFICATION: This response is timely.

## INTRODUCTION

Defendant Paul Engstrom has requested release from detention three times. All three times, his request has been denied. Now, Engstrom seeks release yet again, asking this Court to reconsider its previous finding that he is a danger to the community and a risk of flight. Because this Court's decision was, and is correct, Engstrom's motion should be denied.

## PROCEDURAL HISTORY

On June 23, 2021, after holding a detention hearing, the Honorable Magistrate Judge Brenda Weksler ordered Engstrom detained pursuant to 18 U.S.C. § 3142, based on a finding that no condition or combination of conditions would reasonably assure Engstrom's appearance as required. ECF No. 11.

On July 29, 2021, Engstrom filed a Motion to Reopen Detention Hearing. ECF No. 30. The government filed its opposition. ECF No. 35. After a hearing on August 17, 2021, Judge Weksler denied Engstrom's renewed request for pretrial release. ECF No. 46.

On October 6, 2021, Engstrom appealed his detention order to the District Court.[1] ECF No. 64. The government filed a response and Engstrom filed a reply. ECF Nos. 76 and 82. On November 24, 2021, this Court ruled on the briefings, finding that detention was appropriate. ECF No. 89.

In making its determination, this Court noted that this case involves a rebuttable presumption and considered each of the four factors under 18 U.S.C. § 3142(g). *Id*. at 2. Specifically, this Court found that Engstrom is alleged to have conducted a sophisticated, lengthy, and highly profitable scheme to sell cocaine throughout the United States and then launder the proceeds on the dark web. *Id*. The Court further noted that the evidence against Engstrom is substantial and the alleged conduct began soon after, if not during, Engstrom's supervision for a prior federal drug conviction. *Id*. at 2–3. This Court agreed with the Magistrate Court that Engstrom's use of the dark web and access to millions of dollars'

---

[1] Engstrom previously filed a similar *pro se* motion seeking review of the Magistrate Judge's detention order, but that motion was dismissed without prejudice because, at the time it was filed, Engstrom was still represented by counsel. ECF Nos. 49, 51.

worth of cryptocurrency showed a risk of flight. *Id.* at 3. After considering all the factors, this Court found that Engstrom had not rebutted the presumption that there are no conditions that would reasonably protect the community against the risk of danger he poses and to assure his appearance. *Id.*

After his third request for release was denied, Engstrom simultaneously filed the instant motion and a Motion to Extend Time to file an Appeal. ECF No. 99. The latter is unnecessary. The time by which an appeal must be filed does not begin to run until after a decision is final. *See United States v. Dieter*, 429 U.S. 6, 7–9 (1976); *United States v. Ibarra*, 502 U.S. 1, 6–7 (1991). Engstrom will not have to file an appeal until after the instant Motion for Reconsideration is resolved.[2] The government hereby responds.

## POINTS AND AUTHORITIES

A motion for reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003) (quoting 12 James Wm. Moore et al., Moore's Federal Practice § 59.30[4] (3d ed. 2000)). "Indeed, a motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Kona Enterprises, Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (internal citation omitted); *see also* LR 59-1(b) (noting motions for reconsideration are disfavored in this district). Reconsideration is unwarranted here because the Court's decision was, and is, correct.

---

[2] As Engstrom's motion to extend is unnecessary at this time under the controlling authorities, the government asks that this Court deny it as moot.

Engstrom's proffered reasons for reconsideration do not satisfy any of the grounds upon which this extraordinary and disfavored remedy may be granted. First, Engstrom claims that he was denied the opportunity to confront the government's additional proffered evidence, violating his Sixth Amendment Rights. ECF No. 97 at 4. He is wrong. A detention hearing is not a criminal prosecution to which the Sixth Amendment right of confrontation applies. *See United States v. Salerno*, 481 U.S. 739, 746–73 (1987) (emphasizing the regulatory purpose of pre-trial detention). The government may proceed by proffer and an adversarial evidentiary hearing, as Engstrom demands, is not required. *See United States v. Winsor*, 785 F.2d 755, 756–57 (9th Cir. 1986) (defendant has no right to cross-examine witnesses not called to testify in detention hearing); *United States v. Delker*, 757 F.2d 1390, 1935–36 (3rd Cir. 1985); *United States v. Acevedo-Ramos*, 755 F.2d 203, 207–07 (1st Cir. 1985) (detention hearings are typically informal affairs, not substitutes for trial). Additionally, Engstrom's claim that he was denied the ability to "confront that information" is simply not true. Engstrom had an opportunity to respond. Nowhere in his 21-page reply brief does he contest this fact. ECF No. 82. A motion to reconsider is not a vehicle to make arguments or present evidence that could have been included in the original briefs. *Kona Enterprises, Inc.*, 229 F.3d at 890.

Engstrom also alleges that this Court erred in finding that he had not rebutted the presumption based the transcripts from the hearings before the Magistrate Court. ECF No. 97 at 8–9. Again, this argument is flawed. This Court reviews the Magistrate Judge's order of detention *de novo* and makes its own independent determination. *United States v. Koenig*, 912 F.2d 1190 (9th Cir. 1990). As this Court is aware, it is not required to make the same findings as the Magistrate Judge.

The remainder of Engstrom's motion rehashes previous arguments made in his prior requests for release. This motion is simply a continuation of Engstrom's unwillingness to accept the Court's Orders and renewed disagreement is not a legitimate ground for reconsideration.

**CONCLUSION**

For the foregoing reasons, the defendant's motion should be denied.

    /s/ *Kimberly Sokolich*
KIMBERLY SOKOLICH
CHRISTOPHER BURTON
Assistant United States Attorneys