```
_____FILED      _____RECEIVED
_____ENTERED    _____SERVED ON
              COUNSEL/PARTIES OF RECORD

         JAN 05 2022

    CLERK US DISTRICT COURT
      DISTRICT OF NEVADA
BY:_____DEPUTY
```

Paul Engstrom
2190 E. Mesquite Ave
Pahrump, NV 89060
*In Proper Person*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO: 2:21-cr-00190-APG-EJY |
| Plaintiff, | **Reply to Government's Response in Opposition to Defendant's Motion to Reconsider Order Denying Motion for Review of Magistrate Judge's Detention Order (ECF No. 102)** |
| VS. | |
| PAUL ENGSTROM | |
| Defendant, | |

**CERTIFICATION: This Reply is Timely** (Deadline to reply is extended three days when service is made by mail. See Fed. R. Crim. P. 49(a)(4)(C) and Fed. R. Crim. P. 45(c).)

The government has filed a response (ECF No. 102) in opposition to Mr. Engstrom's Motion to Reconsider Order Denying Motion for Review of Magistrate Judge's Detention Order (ECF No. 97). This reply addresses arguments advanced by the government in that response and additional relevant information from an intervening ruling in this case, Order re ECF No. 83. ECF No. 93. The service of the government's response was made by mail, extending the deadline for defendant's reply by three days. Fed. R. Crim. P. 49(a)(4)(C) and Fed. R. Crim. P. 45(c).

# PROCEDURAL HISTORY

In their response, the government correctly states that Mr. Engstrom has been denied pretrial release on three separate occasions, portraying Mr. Engstrom as a petulant child who maintains an "unwillingness to accept the Court's Order's," (ECF No. 102 p. 5), further stating that "renewed disagreement is not a legitimate ground for reconsideration." *Id*. What the government fails to acknowledge is, it is the fact that the ethical compass of the United States Attorney's Office for the District of Nevada has seemingly gone astray that has prompted the filing of repeated requests for review of previous Court orders of detention for Messrs. Engstrom, Elliott, and, Cuomo, where reopened detention hearings resulted in both Messrs. Elliott and Cuomo being granted pre-trial release.

**Magistrate Judge Weksler's Recent December 6, 2021 Ruling ECF No. 93**

After mailing, but prior to the filing, of Mr. Engstrom's Motion for Reconsideration, Magistrate Judge Weksler issued an order granting the pre-trial release of co-defendant Cuomo. ECF No. 93. This six page order, in addition to granting Mr. Cuomo's release, details the Magistrate Judge's finding regarding the credibility of the United States Attorney Office and DEA Agent Kurinec. This finding is new information not considered by Judge Gordon in his denial of Mr. Engstrom's request for review of the Magistrate Judge's Detention Order, and thus should be considered by the Court in the context of Mr. Engstrom's request for reconsideration.

Magistrate Judge Weksler's recent ruling is especially relevant as it relates to the reliance on the government's proffers of evidence, which is the entirety of the evidence the government has asked the Court to rely upon in keeping Mr. Engstrom detained. Where Magistrate Judge Weksler has subsequently found, in regards to both Messrs. Engstrom and Elliott's hearings on their motions to re-open detention (ECF Nos. 38, 65) that, "What has emerged from these two hearings is a pattern regarding the Government's proffers that have a left a lot to be desired—both because of their inaccuracy and their contradictory nature." ECF No. 93 p. 2. Magistrate Judge Weksler also stated,

2

as it relates to the government's proffer of evidence at Mr. Cuomo's hearing to re-open detention (ECF No. 92), "At this juncture, the Court has no confidence in the Government's representations regarding this specific matter," and "Given the enormous power entrusted to the prosecutors, and how this power can affect a person's liberty interests, this Court admonishes the United States Attorney's Office that it will not tolerate this kind of recklessness." ECF No. 93 p. 5.

Mr. Engstrom, who was the first of the three co-defendant's to move for a reopening of detention, was initially detained as a flight risk based on his "arrest conduct." With Magistrate Judge Weksler finding in favor of the government, over Mr. Engstrom's denial, that the government's assertion that Mr. Engstrom had barricaded himself was credible, stating, "What cannot be overcome is the risk of flight given the arrest conduct by the defendant in this case, which includes that the defendant barricaded himself in his house. While the defendant denies the allegation, the DEA Agent that informed the court as to the co-defendants has provided an account that the Court deems credible and the Court relies on the US Attorney, as an officer of the court, that the information is true." ECF No. 11. Magistrate Weksler later found that Mr. Engstrom did not barricade himself. This finding is explained in Magistrate Judge Weksler's December 6, 2021, ruling, where she states, "While the government represented during Mr. Engstrom's initial appearance that he had *"barricaded himself"* once police entered the premises, during the hearing on the motion to re-open detention (on August , 2021), it became clear that was not the case. Audio recording for Mr. Engstrom's hearing on motion to re-open detention hearing on August 4, 2021, 3:16:48-3:20:06." ECF No. 93 p. 2.

Notwithstanding finding that Mr. Engstrom had not barricaded himself, Magistrate Judge Weksler denied Mr. Engstrom's request for pre-trial release. This ruling was based, at least in part, on evidenced proffered by the government at the August 4, 2021, hearing that Mr. Engstrom had destroyed evidence by flushing drugs down a toilet. The assertion that Mr. Engstrom had flushed drugs down a toilet is contradicted by the evidence that the government proffered at Mr. Engstrom's

initial detention hearing on June 23, 2021, where the government stated that "The SWAT team also appeared to find him basically working with some computers and phones back there, potentially to hid certain evidence is what their belief is." Transcript from June 23, 2021, p. 8 at 23-25[1]. This is another example of the contradictory and inaccurate information the government proffers as evidence, which the government knows the Court will rely upon in making their determinations regarding the restriction of a persons liberty, without concern as to whether the information has a factual basis.

Mr. Engstrom argues that the government misconduct, as it relates to their proffered evidence, in his detention hearing and the subsequent hearings for Messrs. Elliott and Cuomo, as detailed in Magistrate Judge Weksler's recent ruling (ECF No. 93) establishing a pattern of inaccurate and contradictory information contained in the government's proffers of evidence, further supports that this Court should reconsider their ruling detaining Mr. Engstrom pending trial, especially insomuch as the Court relies on the government's proffers.

## POINTS AND AUTHORITIES

**Defendant's Reply to Government's Response to Defendant's Point #1 – New Evidence**

In their response, the government argues that "Engstrom claims that he was denied the opportunity to confront the government's additional proffered evidence, violating his Sixth Amendment Rights. He is wrong." ECF No. 102 p. 4. The government also states, "A detention hearing is not a criminal prosecution to which the Sixth Amendment right of confrontation applies," *Id*. Further arguing, "The government may proceed by proffer and an adversarial evidentiary hearing, as Engstrom demands, is not required." *Id*. Mr. Engstrom asserts that all three of these arguments are without merit.

---

[1] The transcripts for Mr. Engstrom's June 23, 2021, August 4, 2021, and August 17, 2021 detention hearings were provided after Mr. Engstrom filed his Motion for District Court Review of the Magistrate Judge's Detention Order.

The "de novo" standard of review applicable to a Motion for District Court Review is detailed in *United States v Koenig*, 912 F.2d 1190, 1193 (9th Cir. 1990) ("It [the District Court] should review the evidence before the magistrate and make its own independent determination whether the magistrate's findings are correct, with no deference.") This supports Mr. Engstrom's position that, absent a hearing, the District Court Judge's de novo review is limited to the evidence before the magistrate. Other circuits have found the same. "In conducting the review [of a detention order], the district court may rely entirely on the pleadings and the evidence developed at the magistrate judge's detention hearing, or it may conclude that additional evidence is necessary and conduct its own evidentiary hearing." *United States v. Ansah*, No. 1:17-CR-381-WSD, 2018 U.S. Dist. LEXIS 22057, 2018 WL 817241, at 2 (N.D. Ga. Feb. 9, 2018) (citing *United States v. King*, 849 F.2d 485, 490 (11th Cir. 1988)). The government's response to Mr. Engstrom's Motion for District Court Review of the Magistrate Judge's Detention Order indicates that it is not their intention to introduce new evidence, while also implying that including additional facts would require a hearing, where the government states "[t]he parties are not seeking to include any additional facts related to danger to the community and therefore, this Court can decide the issue without conducting an unnecessary third hearing." ECF No. 76 p. 10 at n. 5.

The government appears to believe that it was proper to introduce new proffered evidence, not at a hearing, but in their response to a Motion for District Court Review. They are wrong. In the context of detention, the procedure for submitting evidence, whether by live testimony, hearsay, or proffer, requires a detention hearing. As in a preliminary hearing for probable cause, the government may proceed in a *detention hearing* by proffer or hearsay. *United States v. Winsor*, 785 F.2d 755, 756 (9th Cir. 1986); *United States v. Cardenas*, 784 F.2d 937, 938 (9th Cir. 1986); *United States v. Delker*, 757 F.2d 1390, 1395-96 (3d Cir. 1985); *Acevedo-Ramos*, 755 F.2d at 206-07. The Bail Reform Act (BRA) states, "The rules concerning admissibility of evidence in criminal trials do not apply to the presentation and consideration of information at the *hearing*." (18 U.S.C. § 3142(f)(2)).

The government has cited no authority to support that they are entitled to proffer evidence outside the confines of a detention hearing.

The government's contention that "The government may proceed by proffer and an adversarial evidentiary hearing, as Engstrom demands, is not required," (ECF No. 102 p. 4) is contradicted by both statute and controlling law. The BRA is specific on the requirements of a detention hearing, stating "[a]t the hearing, the person has the right to be represented by counsel, and, if financially unable to obtain adequate representation, to have counsel appointed. The person shall be afforded an opportunity to testify, to present witnesses, to cross-examine witnesses who appear at the hearing, and to present information by proffer or otherwise." 18 U.S.C. § 3142(f)(2). The government cites *United States v. Salerno*, 481 U.S. 739, 746-73 (1987) in support of their position that the Sixth Amendment right of confrontation does not apply to detention hearings, but this reliance is misplaced, as Salerno is silent as to the Sixth Amendment. What *Salerno*, 481 U.S. 739 at 750, does necessitate is the adversary hearing that the government argues is not required, stating "[i]n a full-blown adversary hearing, the Government must convince a neutral decisionmaker by clear and convincing evidence that no conditions of release can reasonably assure the safety of the community or any person." While it could be argued that the confrontation clause of the Sixth Amendment is limited as it applies to detention hearings, where the defendant has no right to cross-examine witnesses not called to testify. *Winsor*, 785 F.2d 755 at 756-57. The Ninth Circuit found in *Winsor* that "[w]ithout a proffer from [defendant] that the government's proffered information was incorrect, the magistrate judge was not required to allow him to cross-examine the investigators and police officers." *Id.* At 757. This implies that there are instances where the confrontation clause of the Sixth Amendment is applicable in the context of detention hearings, specifically when the defense proffers that the government proffered information is incorrect. The Third Circuit has ruled the same, "although the Act permits the government to proceed by hearsay, it clearly contemplates that the defendant will have some opportunity to confront the evidence offered against him." *United*

6

*States v. Accetturo*, 783 F.2d 382 (3rd Cir. 1986).

The government finally argues that Mr. Engstrom's claim that he was denied the ability to confront the new information is not true, suggesting that he could have done so in his reply brief. ECF No. 102 p. 4. Mr. Engstrom asserts the following. 1) New evidence introduced for the first time in the government's response should not be considered by the Court as it is outside of the bounds of the detention hearing and as such has not been properly submitted; 2) Mr. Engstrom cannot be expected to address evidence that has not been properly submitted; and 3) The Court should invoke judicial estoppel principles, where the government's simultaneous contradictory positions that they are not seeking to include any new evidence, while in the same pleading attempting to include new evidence, is the exact type of behavior that the judicial estoppel doctrine is meant to protect against. Judicial estoppel, also known as the doctrine of preclusion of inconsistent positions, is an equitable doctrine invoked by a court at its discretion. *United States v. Ibrahim*, 522 F.3d 1003, 1009 (9th Cir. 2008) (citing *New Hampshire v. Maine*, 532 U.S. 742, 750, 121 S. Ct. 1808, 149 L. Ed. 2d 968 (2001)). The doctrine prohibits a party from gaining an advantage by taking one position and then seeking a second advantage by taking a different position that is incompatible with the first. See *Helfand v. Gerson*, 105 F.3d 530, 534 (9th Cir. 1997) (citing *Rissetto v. Plumbers and Steamfitters Local 343*, 94 F.3d 597, 600 (9th Cir. 1996)). The doctrine is intended to protect the integrity of judicial proceedings by preventing a litigant from "playing fast and loose with the courts." Id. (citing *Russell v. Rolfs*, 893 F.2d 1033, 1037 (9th Cir. 1990) (stating "[t]he integrity of the judicial process is threatened when a litigant is permitted to gain an advantage by the manipulative assertion of inconsistent positions, factual and legal")).

### Defendant's Reply to Government's Response to Defendant's Point #4 – Rebuttable Presumption

The government argues that Mr. Engstrom's argument that the Court erred in finding that he

7

had not rebutted the rebuttable presumption is flawed, stating "[t]his Court reviews the Magistrate Judge's order of detention de novo and makes its own independent determination," citing *United States v. Koenig*, 912 F.2d 1190 (9th Cir. 1990). Here, the government's citation of *Koenig* is incorrect. In *Koenig* the Ninth Circuit ruled that, "[the District Court] should review the evidence before the magistrate and make its own independent determination whether the magistrate's findings are correct, with no deference." *Id.* at 1193.

Mr. Engstrom stands by his position that the record as adduced at his June 23, 2021, and August 4, 2021, detention hearings supports a finding that he has met the burden of producing "some evidence" to rebut the 18 USCS § 3142(e) rebuttable presumptions. The "some evidence" threshold as it applies to the defendant's burden of production is summarized in *United States v. Castaneda*, 2018 U.S. Dist. LEXIS 25266, at n.1 (N.D. Cal. Feb. 14, 2018) ("Jessup is considered to be the leading authority regarding § 3142(e), and numerous other circuit courts as well as district courts within the Ninth Circuit have adopted its holding that only the burden of production shifts to the defendant who can rebut the presumption by producing "some evidence" to the contrary.") (citing *United States v. Jessup*, 757 F.2d 378, 384 (1st Cir.1985)); see also *United States v. Ward*, 63 F. Supp. 2d 1203 (C.D. Cal. 1999); *United States v. Thomas*, 667 F. Supp. 727, 728 (D. Or. 1987). The rebuttal evidence adduced at Mr. Engstrom's detention hearings includes:

1. Mr. Engstrom's ties to the communities are strong and he has been in Las Vegas, NV since 2007. Detention Order ECF No. 11 p.3

2. Mr. Engstrom can return to his residence that that he has a long established residence here. *Id.*

3. Mr. Engstrom owns and works at his own business and can return to his work if released. *Id.*

4. Mr. Engstrom does not have a passport. June 23, 2021, Detention Hearing Transcripts p. 13.

5. Mr. Engstrom has never attempted to flee and has no failure to appears. *Id.*

6. Mr. Engstrom does not have any connections to any other country. *Id.*

7. Mr. Engstrom's ex-wife, has agreed to act as a third-party custodian. Pretrial Services has deemed her to be a suitable third-party custodian. *Id.*

8. Mr. Engstrom is a senior at University of Nevada – Las Vegas (UNLV). August 4, 2021, Detention Hearing Transcripts p. 25.

Mr. Engstrom further argues that at both his June 23, 2021, and August 4, 2021, detention hearings, the government argued only that Mr. Engstrom should be detained as a flight risk, never alleging that Mr. Engstrom poses a danger to the community. At the June 23, 2021, detention hearing the government closed their argument in favor of detention by stating, "We believe that all makes Mr. Engstrom a significant risk of flight and risk of nonappearance, and so we would move for his detention." June 23, 2021, Detention Hearing Transcripts p. 11. At the August 4, 2021 detention hearing the government states, "Your Honor, for all those reasons, we believe that the government has still met by a preponderance its burden that Mr. Engstrom is a risk of flight and that he should be detained pending his trial." August 4, 2021, Detention Hearing Transcripts p. 16. Where the government only argued for detention based on risk of flight, and failed to present any evidence that Mr. Engstrom was a danger to the community, the record fails to support a finding by clear and convincing evidence that Mr. Engstrom is a danger to the community.

**Defendant's Reply to Government's Response to Defendant's Points # 2, 3, and 5**

The government states in their response that the remainder of Mr. Engstrom's motion rehashes previous arguments made in prior requests for release. This simply is not the case. The arguments made in points # 2, 3, and 5 are novel arguments specific to Judge Gordon's Order. Mr. Engstrom asks the Court to evaluate these arguments on their merits.

9

## CONCLUSION

Based on the foregoing reasons, and considering Magistrate Judge Weksler's recent ruling regarding the pattern of "inaccuracy and their contradictory nature" of the government proffers, which undermines the credibility of all proffered and hearsay evidence presented by the government, the Court should RECONSIDER its previous order denying defendant's motion (ECF No. 89), REVOKE the Detention Order and release Mr. Engstrom pending trial.

DATED this 2nd day of January, 2022.

Respectfully Submitted,

Paul Engstrom
*In Proper Person*

2190 E Mesquite Ave
Pahrump, NV 89060

FILED _____ ENTERED _____
RECEIVED _____ SERVED ON _____
COUNSEL/PARTIES OF RECORD

JAN 05 2022

CLERK US DISTRICT COURT
DISTRICT OF

This correspondence originated from a detention facility. The facility is not responsible for the contents herein.

United States District Court
Attn: Clerk
333 Las Vegas Boulevard South
Room 1334
Las Vegas, NV 89101

XRAYED US MARSHALS SERVICE

Las Vegas NVDC 89199
04 JAN 2022 PM

FOREVER / USA