UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>PAUL ENGSTROM, VINCENT CUOMO, ABRAHAM ELLIOTT, and JOSEPH KRIEGER,<br><br>Defendants. | Case No. 2:21-cr-00190-APG-EJY<br><br>**REPORT AND RECOMMENDATION**<br><br>**Re: ECF No 132**<br>**(Motion for Return of Property)** |

Pending before the Court is Defendant Paul Engstrom's Motion For Return of Property. ECF No. 132. The Court has consider Defendant's Motion and the Government's Response (ECF No. 137). Defendant did not file a Reply.

**I.    Background**

Defendant was first charged through a Complaint and then through an Indictment with nine counts involving conspiracy to distribute a controlled substance, distribution of a controlled substance, possession with intent to distribute a controlled substance, and money laundering. ECF No. 17. The Indictment also included four forfeiture allegations. *Id*. On May 10, 2022, the Government filed its Bill of Particulars that more specifically identified items it will seek forfeited in this case. ECF No. 136. The Bill of Particulars includes a money judgment in the amount of $1,715,577. *Id*.

Defendant's Motion seeks return of 11 items including U.S. currency, Bitcoins, Dogecoin, various other cryptocurrencies, three ATM machines, and various Ducati and Harley Davidson motorcycles. ECF No. 132 at 5. The Government "has no objection to the return of" the following items: (1) $15,500 in U.S. Currency; (2) 0.33081041 Bitcoins (2); (3) 0.13613809 Bitcoins (2); (4) 10,214.4445896 Dogecoin; (5) 0.451462387496977257 Ethereum; (6) 1,165.68039959 Paxos Standard; (7) $3,500 in U.S. Currency; (8) three ATM machines; and, (9) a 2018 Ducati Panigale Motorcycle, VIN ZDMDAGNW8JB003209. ECF No. 137 at 12. However, the Government states

that it cannot return the physical U.S. currency originally seized as the currency was deposited into a government controlled account. *Id*. at n.23. The Government opposes return of the following six items: (1) a 2020 smokey gray Harley-Davidson Touring, VIN 1HD1TEH23LB954585, bearing Nevada License plate number STINKS; (2) a 2019 white Ducati Racer Motorcycle, VIN ZDMVABDS0KB007875, bearing Nevada License plate number KNZL; (3) a 2019 black Ducati Cruiser Motorcycle, VIN ZDM13BKW2KB010548, bearing Nevada License plate number XDVL; (4) a 2019 titanium gray and black Ducati X Diavel Motorcycle, VIN ZDM13BKW1MB000502, bearing Nevada License plate number NX191017; (5) 2021 black hole with pinstripe Harley Davidson Cruiser, VIN 1HD1TCL13MB952002, bearing Nevada License plate number 910044; and (6) 2020 red Ducati Superleggera Motorcycle, VIN ZDMDAGUW1LB000138. *Id*.

**II.     Discussion**

       A.     <u>The Government Complied with the Applicable Forfeiture Statutes</u>.

Federal law states, in pertinent part, that any person convicted of an offense listed in Chapter 13 of Title 21 of the United States Code, punishable by more than one year in prison, "shall forfeit to the United States … any property constituting, or derived from, any proceeds the person obtained, directly or indirectly, as a result of such violation [and] any of the person's property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violation[.]" 21 U.S.C. § 853. The offenses with which Defendant is charged under 21 U.S.C. §§ 841 and 846, alleging conspiracy to distribute a controlled substance, distribution of a controlled substance, and possession with intent to distribute a controlled substance are included in Chapter 13. Further, 18 U.S.C. § 982(a)(1) allows forfeiture to the United States of any property, or property traceable to such property, real or personal, involved in an offense under 18 U.S.C. § 1956 criminalizing money laundering, an offense with which Defendant is charged. This statute, at subsection (b)(1), states that forfeiture of property shall be governed by 21 U.S.C. § 853.

Criminal forfeiture proceedings are governed by 18 U.S.C. § 982, 21 U.S.C. § 853, and the Federal Rules of Criminal Procedure 32.2 ("Rule 32.2"). Rule 32.2 requires the Government to give notice of its intent to seek forfeiture. Interpretation of this Rule allows the Government to seek a money judgment instead of listed property. *United States v. Lo*, 839 F.3d 777, 791 (9th Cir. 2016).

Notice of forfeiture must be provided to a defendant, but this may occur through forfeiture allegations in an Indictment such as occurred here (ECF No. 17),[1] and need not include the identification of "the property subject to forfeiture or specify the amount of any forfeiture money judgment that the government seeks." *Id*. at 790; Fed. R. Crim. Pro. 32.2(a).  Of course, the Government also filed a Bill of Particulars providing Defendant more specificity regarding the property it seeks in forfeiture.  ECF No. 136.

Defendant's arguments under the civil forfeiture statutes at 18 U.S.C. § 983 are without merit.  The Government seeks no forfeiture under § 983, which does not apply to this criminal proceedings.  ECF No. 137 at 13.  In fact, the Government filed its Indictment with forfeiture allegations on July 26, 2021, long before Defendant filed a claim for return of property on September 18, 2022.  *Compare* ECF No. 17 *and* ECF No. 132 at 72.  Thus, the requirements of 18 U.S.C. § 983 are inapplicable to Defendant's efforts to obtain return of property.

B. <u>Defendant is not Entitled to the Return of the Six Motorcycles he Seeks</u>.

Defendant contends there is no forfeiture proceeding pending.  ECF No. 123 at 20.  Defendant is simply wrong.  Rule 32.2(b)(1)(A) states:

> As soon as practical after a verdict or finding of guilty, or after a plea of guilty or nolo contendere is accepted, on any count in an indictment or information regarding which criminal forfeiture is sought, the court must determine what property is subject to forfeiture under the applicable statute.  If the government seeks forfeiture of specific property, the court must determine whether the government has established the requisite nexus between the property and the offense.  If the government seeks a personal money judgment, the court must determine the amount of money that the defendant will be ordered to pay.

Further, if criminal forfeiture is contested, there must be a hearing "*after* the verdict or finding of guilty." Rule 32.2(b)(1)(B) (emphasis added).  There has been no verdict or finding of guilt in this matter as it pertains to Defendant and, thus, the proceedings to determine forfeiture have not yet occurred.  However, forfeiture remains pending based on the Government's notice in the Indictment supported by the Bill of Particulars.

---

[1] Forfeiture Allegation One states, in pertinent part, that the Government is "seeking forfeiture of any property … which constitutes or is derived from proceeds traceable [or] used, in any manner or part, to commit" the violations of law alleged.  ECF No. 17 at 6.  Forfeiture Allegation Four states Defendant shall forfeit any property "which constitutes or is derived from proceeds traceable to" or involved in violations under 18 U.S.C. 1956.  *Id*. at 11-12.

3

Defendant further contends that the motorcycles at issue were illegally seized because they were not listed in Attachment B to the search warrants. This argument also fails. United States Code holds that seizures of property without a warrant may be made "in the same manner as provided for [in] a search warrant" if "there is probable cause to believe the property is subject to forfeiture and the seizure is made pursuant to a lawful arrest or search." 18 U.S.C. 981(b)(2)(B)(i). In *United States v. Roth*, 912, F.2d 1131, 1134 (9th Cir. 1990), the court held that, with respect to criminal forfeiture, the Government may demonstrate probable cause through "an aggregate of the facts." The court further held that "in the absence of significant credible evidence that … [the Defendant] had availed himself of legitimate non-taxable sources of sufficient funds for the purchase of the property, we have no difficulty finding that the government met its burden of showing probable cause under our cases." *Id.* This is exactly the case at bar.

As explained in detail by the Government, a substantial investigation looked at whether Defendant had any legitimate source for, *inter alia*, the extraordinary sums of cryptocurrency and property Defendant accumulated and exchanged between October 2019 and June 2021. ECF No. 137 at 6-8. The Government also reviewed Defendant's tax returns for 2017 through 2020 and found Defendant reported no income for these years. ECF No. 9. The Government found no business in Nevada was reported to have employed Defendant during these same years. *Id*. "In short, law enforcement … [was] unable to identify any legitimate source" of Defendant's funds. *Id*. Further, law enforcement had credible evidence to support the conclusion that Defendant was selling large amounts of cocaine. *Id.* at 5-7. Based on the absence of credible evidence that Defendant has a source of funds to support the purchases of property at issue, the Court has no difficulty finding the Government met its burden of showing probable cause in this case.

The Government further demonstrate that the motorcycles have evidentiary value—that is, the Government may present unexplained assets to the jury as evidence in support of the offenses with which Defendant is charged. As the Government shows, Defendant was released from prison in 2017, but has no discernable income in the years thereafter and before his most recent arrest.

Finally, Defendant's argument that he needs the return of motorcycles to fund retention of counsel of his choice fails because Defendant is not entitled to use tainted funds to retain an attorney.

4

*Chaplin & Drysdale, Chtd. v. United States*, 491 U.S. 617, 626, 629-30 (1989) ("[w]hatever the full extent of the Sixth Amendment's protection of one's right to retain counsel of his choosing, that protection does not go beyond the individual's right to spend his own money to obtain the advice and assistance of ... counsel. … [A] defendant has no Sixth Amendment right to spend another person's money for services rendered by an attorney, even if those funds are the only way that that defendant will be able to retain the attorney of his choice. … [A] forfeiture-defendant's claim of right to use such assets to hire an attorney, instead of having them returned to their rightful owners, is no more persuasive than a bank robber's similar claim.").

Without doubt, "the Government may—without offending the Fifth or Sixth Amendment—obtain forfeiture of property that a defendant might have wished to use to pay his attorney." *U.S. v. Monsanto*, 491 U.S. 600, 615 (1989) (internal citation omitted). However, as explained by the U.S. District Court for the District of Arizona:

> An exception to this general rule is when a defendant's Sixth Amendment right to the representation of their choice is threatened by the seizure of forfeitable assets. In that circumstance, if a defendant makes a *prima facie* showing that their Sixth Amendment right to be represented is implicated, the Court must hold a hearing to determine whether release of funds that have been seized in forfeiture proceedings is necessary. *United States v. Unimex*, Inc., 991 F.2d 546, 551 (9th Cir. 1993).

*United States v. Lacey*, Case No. CR-18-00422-001-PHX-DJH, 2021 WL 5882638, at *5 (D. Ariz. Dec. 10, 2021). In order to be entitled to a hearing regarding the need to return assets so that counsel may be obtained, the defendant must show that his "moving papers …, are sufficiently definite, specific, detailed and nonconjectural to enable the court to conclude that a substantial claim is presented." *Id.* citing *Unimex*, 991 F.2d at 551; *United States v. Lindell*, 766 Fed. Appx. 525, 528–29 (9th Cir. 2019) (rejecting defendants' argument that district court erred when it refused to immediately release untainted IRA funds during the criminal proceedings because defendants "failed to clearly demonstrate that those funds were needed to pay for counsel of choice") (additional citations omitted). Defendant does not meet this standard. *See* ECF No. 132 at 23-24. Defendant fails to make the required threshold showing of what specific, definite funds are needed to pay for counsel and that he does not have access to unrestrained funds to do so. As such Defendant is not entitled to a hearing regarding the need to return assets seized by the Government.

### III.     Recommendation

The above facts, together with the law cited herein, demonstrate that Defendant is not entitled to return of the six motorcycles he seeks.

Accordingly, IT IS HEREBY RECOMMENDED that Defendant's Motion for Return of Property (ECF No. 132) be GRANTED in part and DENIED in part.

IT IS FURTHER RECOMMENDED that to the extent Defendant seeks the return of (1) $15,500 U.S. Currency; (2) 0.33081041 Bitcoins (2); (3) 0.13613809 Bitcoins (2); (4) 10,214.4445896 Dogecoin; (5) 0.451462387496977257 Ethereum; (6) 1,165.68039959 Paxos Standard; (7) $3,500 U.S. Currency; (8) Three ATM machines; and, (9) 2018 Ducati Panigale Motorcycle, VIN ZDMDAGNW8JB003209, the same shall be returned as there is no objection by the Government.

IT IS FURTHER RECOMMENDED that to the extent Defendant seeks return of (1) 2020 smokey gray Harley-Davidson Touring, VIN 1HD1TEH23LB954585, bearing Nevada License plate number STINKS; (2) 2019 white Ducati Racer Motorcycle, VIN ZDMVABDS0KB007875, bearing Nevada License plate number KNZL; (3) 2019 black Ducati Cruiser Motorcycle, VIN ZDM13BKW2KB010548, bearing Nevada License plate number XDVL; (4) 2019 titanium gray and black Ducati X Diavel Motorcycle, VIN ZDM13BKW1MB000502, bearing Nevada License plate number NX191017; (5) 2021 black hole with pinstripe Harley Davidson Cruiser, VIN 1HD1TCL13MB952002, bearing Nevada License plate number 910044; and (6) 2020 red Ducati Superleggera Motorcycle, VIN ZDMDAGUW1LB000138, the Motion is DENIED without prejudice.

Dated this 26th day of May, 2022.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

# NOTICE

Pursuant to Local Rule IB 3-2, any objection to this Report and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This Circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).