Paul Engstrom
2190 E. Mesquite Ave
Pahrump, NV 89060
*In Proper Person*

___FILED   ___RECEIVED
___ENTERED   ___SERVED ON
COUNSEL/PARTIES OF RECORD

JUN - 6 2022

CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY: _____ DEPUTY

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>VS.<br><br>PAUL ENGSTROM<br><br>Defendant, | CASE NO: 2:21-cr-00190-ART-EJY<br><br>**Memorandum**<br>**Re: Report and Recommendation**<br>**(ECF No. 139)** |

    Defendant, Paul Engstrom ("Defendant"), in proper person, files this Memorandum for the purpose of noticing the Court that the Report and Recommendation (ECF No. 139) filed by Magistrate Judge Youchah on May 26, 2022, relating to Defendant's Motion for Return of Property (ECF No. 132), appears to have been prematurely filed without considering Defendant's timely Reply in Support of Defendant's Motion for Return of Property (ECF No. 140). Defendant has been unable to find any case to reference where a like circumstance has arose and has been unable to ascertain the proper procedure for noticing the Court of its seemingly premature action. Defendant hopes the Court finds this Memorandum appropriate for the issue.

**Procedural History**

The Defendant filed a Motion for the Return of Property on April 29, 2022. ECF No. 132. The government filed a timely response on May 13, 2022. ECF No. 137. As Defendant is detained and proceeding pro se, this response was served via mail. Defendant then filed a timely reply, which was delivered to the staff at Nevada Southern Detention Center ("NSDC") on May 23, 2022, and filed as ECF No. 140 on May 26, 2022. Magistrate Judge Youchah filed a Report and Recommendation ("R&R") on May 26, 2022. ECF No. 139. The R&R was mailed to Defendant on May 26, 2022, and received on June 1, 2022. The R&R states, "The Court has consider Defendant's Motion and the Government's Response (ECF No. 137). Defendant did not file a reply." ECF No. 139, p. 1. As discussed below, Defendant did file a reply and that reply was in fact timely.

**Defendant's Reply was Timely**

Under normal circumstances, after the filing of the government's response on May 13, 2022, the movant would be allowed seven days to file a reply. *See* LCR 12-1(a)(3) ("A reply brief may be filed and served within seven days from the date of service of the response."). As the Defendant is detained and proceeding pro se, the May 20, 2022, deadline for filing the reply listed on the Notice of Electronic Filing was inaccurate, likely leading to the Court's premature action. *See* LR IC 3-1(d) ("Filing deadlines listed in Notices of Electronic Filing are provided as a courtesy only...In the absence of a court order, the applicable Federal Rules, statutes, or local rules govern computing and extending time for serving and filing documents notwithstanding any contrary deadline in a Notice of Electronic Filing.").

The May 26, 2022, receipt of Defendant's reply by the Clerk of the Court was timely based on Federal Rule of Criminal Procedure 45(c), which allows for an extra three days to be added after the period would expire when the service is made under Federal Rule of Criminal Procedure 49(a)(4)(C), (D), and (E), and the "prison mailbox rule," as detailed in *Houston v. Lack*, 487 U.S. 266, 270, 108 S. Ct. 2379, 101 L. Ed. 2D 245 (1988) ("under the prison mailbox rule, a document

submitted by a prisoner is deemed to be filed the day the document is signed and delivered to prison authorities for mailing to the Court.). In this case service of the government's response was made by mail under Rule 49(a)(4)(C), thus allowing Defendant an extra three days to file his reply, extending the filing deadline to May 23, 2022. Defendant mailed his reply via the NSDC legal mail system on May 23, 2022. Defendant included with his reply a Declaration of Mailing that satisfied the requirements of 28 U.S.C. § 1746, further stating the date of deposit and that the first-class postage had been prepaid. Therefore, Defendant's reply should be considered filed on May 23, 2022, the day the reply was delivered to NSDC staff for mailing to the Court.

### Failure to Consider Defendant's Timely Reply Prejudices Defendant

Defendant is concerned that, where failure to reply would infer that Defendant consented that the government's arguments were correct, Magistrate Judge Youchah's failure to consider Defendant's timely reply contributed to the R&R's wholesale adoption of the arguments averred by the government in their response. *See Garcia v. Dawahare*, 2006 U.S. Dist. LEXIS 68040, 2006 WL 2583745, *2 (D.Nev. Sept. 6, 2006) (Dawson, J.) (failure to file reply is consent that other party's argument is correct). *See also United States v. Cobb*, 2014 U.S. Dist. LEXIS 181874, 2015 WL 518543 *4, n.1 (D.Nev. Feb. 9, 2015) (failure to address argument in reply is a concession that the argument is correct). Defendant asserts that his timely reply rebutted the arguments set forth in the government's response and should be considered by the Court in their R&R. As most of the R&R simply adopts the arguments from the government's response, a majority Defendant's objections to the R&R would simply restate the rebuttal arguments included in his reply. Defendant is also concerned that the exhibit included with his reply, which rebuts the government's argument that they did not pursue Administrative Forfeiture, was not considered by Magistrate Judge Youchah, causing the Court to fail to consider the important question raised regarding the illegality of 28 C.F.R. § 8.13(a).

## Conclusion

For the foregoing reasons, Defendant respectfully requests that Magistrate Judge Youchah consider Defendant's timely reply and, if the Court deems necessary, revise the Report and Recommendation.

Dated: June 2, 2022.

Respectfully Submitted,

Paul Engstrom

*In Proper Person*



Las Vegas P&DC 89199
FRI 03 JUN 2022 PM

United States District Court
Attn: Clerk
333 Las Vegas Blvd S
Room 1334
Las Vegas, NV 89101

___ FILED   ___ RECEIVED
___ ENTERED ___ SERVED ON
           COUNSEL/PARTIES OF RECORD

JUN - 6 2022

CLERK US DISTRICT COURT
DISTRICT OF NEVADA

n abundance originated
n a detention facility.
The facility is not responsible
for the contents herein.

XRAYED US MARSHAL'S SERVICE