JASON M. FRIERSON
United States Attorney
Nevada Bar No. 7709
CHRISTOPHER BURTON
Nevada Bar No. 12940
KIMBERLY SOKOLICH
Assistant United States Attorneys
501 Las Vegas Boulevard South, Suite 1100
Las Vegas, Nevada 89101
Tel: (702) 388-6336
Christopher.Burton4@usdoj.gov
Kimberly.Sokolich@usdoj.gov
*Attorneys for the United States*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| UNITED STATES OF AMERICA, | Case No. 2:21-cr-00190-ART-EJY |
|---|---|
| Plaintiff, | **Government's Response to Defendant Paul Engstrom's "Memorandum Re: Report and Recommendation (ECF No. 139)"** |
| vs. | |
| PAUL ENGSTROM, | |
| Defendant. | |

CERTIFICATION: This response is timely.

## I.   Introduction

Defendant Paul Engstrom fails to demonstrate that his reply was timely filed. However, even if Engstrom's reply were considered by this Court out of an abundance of procedural caution, Engstrom's motion should still be denied.

## II.   Relevant Procedural Background

On April 29, 2022, Engstrom filed a motion for return of property.[1] The government filed a timely response on May 13, 2022.[2] On May 26, 2022, the Report and

---

[1] ECF No. 132.
[2] ECF No. 137.

Recommendation was issued denying Engstrom's motion.[3] Shortly after on the same day, Engstrom's reply was filed.[4]

Engstrom filed the instant memorandum on June 6, 2022.[5] The government's response follows.

### III.   Points and Authorities

Engstrom has failed to show that his reply was timely filed. In his reply, Engstrom asserted that it was timely filed under Federal Rule of Criminal Procedure 45(c) and the "prison mailbox rule".[6] However, Rule 45(c) provides: "Whenever a party must or may act within a specified time after being served and service is made under Rule 49(a)(4)(C), (D), and (E), 3 days are added after the period would otherwise expire under subdivision (a)." Here, the government served its response on Engstrom via mail pursuant to Federal Rule of Criminal Procedure 49(a)(4)(C), so he had three additional days within which to file his reply, making it due on May 23, 2022. And in his reply, Engstrom provided no authority to support his assertion that the "prison mailbox rule" applies.[7] In his subsequent memorandum, Engstrom cites to *Houston v. Lack*, 487 U.S. 266, 270, 108 S. Ct. 2379 (1988).[8] However, *Houston* stands for the proposition that the "prison mailbox rule" applies in the context of filing deadlines for post-conviction habeas petitions.[9] Engstrom provides no authority (and the government is not aware of any) that supports his assertion that the

---

[3]   ECF No. 139.
[4]   ECF No. 140.
[5]   ECF No. 141.
[6]   ECF No. 140, n. 1.
[7]   *Id.*
[8]   ECF No. 141, p. 2.
[9]   *See* 487 U.S. at 268 ("The question we decide in this case is whether under Federal Rule of Appellate Procedure 4(a)(1) such notices are to be considered filed at the moment of delivery to prison authorities for forwarding or at some later point in time.").

"prison mailbox rule" applies to pretrial criminal filings. And indeed, the government can see good reason why such an extension of *Houston* would be improper, given that Rules 45 and 49 clearly provide for specific additional time in circumstances such as those presented by Engstrom's status as an incarcerated defendant representing himself.[10]

But setting aside this procedural argument, consideration of Engstrom's reply on the merits does not change the outcome of his motion. Engstrom's reply focuses primarily on 18 U.S.C. 983,[11] but the government specifically noted that it was not proceeding with forfeiture under that statute in this case.[12] In arguing for the return of his property under Rule 41(g), Engstrom now contends the seizure of his motorcycles was not supported by probable cause that they were in fact illegal proceeds.[13] But Engstrom was clear in his original motion that he was only challenging the seizure of his motorcycles on the basis that they were not specifically listed in Attachment B of the applicable search warrants[14] and he provides no authority or evidence to support his conclusory assertion that there was insufficient probable cause to show the motorcycles were illegal proceeds. The remainder

---

[10] As noted above, Rule 45(c) provides Engstrom three additional days given he received service through the mail. *See also*, FED. R. CRIM. P. 49(b)(2)(B) (defining "filing" by nonelectronic means as "delivering" the filing to the clerk or "to a judge who agrees to accept it for filing, and who must then note the filing date on the paper and promptly send it to the clerk."); *Nigro v. Sullivan*, 40 F.3d 990, 994-95 (9th Cir. 1994) (refusing to impose the "prison mailbox rule" when the applicable procedural rules clearly define what constitutes a filing and the applicable deadlines).

[11] ECF No. 140, pp. 2-5.

[12] ECF No. 137, pp. 14-15 ("In this case, the government simply is not pursuing forfeiture [under] Section 983[.]").

[13] ECF No. 140, pp. 5-10.

[14] *See* ECF No. 132, pp. 19-23 ("Without litigating the underlying validity of the warrants beyond that is which necessary to determine if the motorcycles were legally seized, Mr. Engstrom argues the following").

of Engstrom's reply is likewise insufficient to overcome the arguments and authorities in the government's response and his motion should be denied.

### IV. Conclusion

Engstrom has failed to demonstrate that his reply was timely filed and, even if considered on the merits, his reply does not change the outcome of the filed Report and Recommendation.

DATED: June 10, 2022

Respectfully submitted,

JASON M. FRIERSON
United States Attorney

/s/ Christopher Burton
CHRISTOPHER BURTON
KIMBERLY SOKOLICH
Assistant United States Attorneys

# CERTIFICATE OF SERVICE

I certify that I am an employee of the United States Attorney's Office.  A copy of the foregoing **Government's Response to Defendant Paul Engstrom's "Memorandum Re: Report and Recommendation (ECF No. 139)"** was served upon defendant Paul Engstrom via U.S. Certified Mail to:

>Paul Engstrom 06870041
>Nevada Southern Detention Center
>2190 E. Mesquite Avenue
>Pahrump, NV 89060

**DATED** June 9, 2022.

>*/s/ Christopher Burton*
>_____
>CHRISTOPHER BURTON
>Assistant United States Attorney