JASON M. FRIERSON
United States Attorney
Nevada Bar No. 7709
CHRISTOPHER BURTON
Assistant United States Attorney
Nevada Bar No. 12940
KIMBERLY SOKOLICH
Assistant United States Attorney
501 Las Vegas Boulevard South, Suite 1100
Las Vegas, Nevada 89101
(702) 388-6336
Christopher.Burton4@usdoj.gov
Kimberly.Sokolich@usdoj.gov
*Attorneys for the United States*

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>  v.<br><br>PAUL ENGSTROM,<br><br>  Defendant. | Case No. 2:21-CR-190-ART-EJY<br><br>**Motion for a Protective Order Regarding Forfeitable Property Pending the Criminal Case** |

The government respectfully moves this Court to issue a protective order for the government to maintain and to hold safely the following items until further order of this Court pending the criminal case:

1. 2020 smokey gray Harley-Davidson Touring, VIN 1HD1TEH23LB954585, bearing Nevada License plate number STINKS;

2. 2019 white Ducati Racer Motorcycle, VIN ZDMVABDS0KB007875, bearing Nevada License plate number KNZL;

3. 2019 black Ducati Cruiser Motorcycle, VIN ZDM13BKW2KB010548, bearing Nevada License plate number XDVL;

    4.    2019 titanium gray and black Ducati X Diavel Motorcycle, VIN ZDM13BKW1MB000502, bearing Nevada License plate number NX191017;

    5.    2021 black hole with pinstripe Harley Davidson Cruiser, VIN 1HD1TCL13MB952002, bearing Nevada License plate number 910044;

    6.    2020 red Ducati Superleggera Motorcycle, VIN ZDMDAGUW1LB000138; and

    7.    284.742879735905 Monero Cryptocurrency

(all of which constitutes property).

The issuance of such a protective order is within the Court's authority and guarantees the availability of the property pending the criminal forfeiture in this case. Additional actions, such as a pretrial restraining order or seizure warrant, are unnecessary given the government does not need to seize the property from itself nor restrain itself from otherwise disposing of the property. The government affirms it will maintain custody of the property pending the criminal forfeiture action or until further order of the Court.

### I.   STATEMENT OF FACTS

On June 17, 2021, the United States Magistrate Judge, after determining probable cause, issued criminal search warrants.[1] On June 21, 2021, the Drug Enforcement Administration executed the criminal search warrants on three residences and two stash locations.[2] During the course of that search warrant, DEA seized six motorcycles and 284.742879735905 Monero Cryptocurrency, among other items.

On July 6, 2021, the Grand Jury returned an indictment against Engstrom with nine counts charging: conspiracy to distribute a controlled substance, distribution of a controlled

---

[1] Exhibit 1, attached hereto and incorporated by reference as if fully set forth herein.
[2] *Id.*

substance, possession with intent to distribute a controlled substance, and conspiracy to commit money laundering with four forfeiture allegations.[3] On May 10, 2022, the government filed a bill of particulars further listing specific assets and a criminal forfeiture money judgment of $1,715,577.[4]

DEA started the administrative forfeiture process. On September 18, 2021, Engstrom filed an administrative claim requesting a judicial civil forfeiture *in rem* action.[5] The government subsequently decided not to pursue civil forfeiture and did not commence the civil forfeiture *in rem* actions. The criminal forfeiture allegations in the criminal indictment remained and the government continues to pursue criminal forfeiture.[6]

The government will maintain and preserve the property through this criminal case or pending further order of this Court.

## II.   ARGUMENT

**A. Rule 32.2 of the Federal Rules of Criminal Procedure authorized the government to pursue criminal forfeiture without pursuing civil forfeiture proceedings.**

The government can choose to follow the criminal forfeiture requirements under Federal Rule of Criminal Procedure 32.2 without pursuing civil forfeitures under 18 U.S.C. § 983. The government did exactly that by obtaining the grand jury indictment containing forfeiture allegations before Engstrom filed his civil administrative claim. The government thereafter decided not to pursue parallel criminal and civil forfeitures in this case.

///

---

[3]   ECF No. 17.
[4]   ECF No. 136.
[5]   ECF No. 132 at 72.
[6]   ECF Nos. 17, 136.

The forfeiture allegations in the indictment meet the requirements under Rule 32.2(a).[7] The remainder of Rule 32.2 confirms the government is authorized to proceed with criminal forfeiture under general forfeiture allegations.

> If, before sentencing, the court cannot identify all the specific property subject to forfeiture or calculate the total amount of the money judgment, the court may enter a forfeiture order that: (i) lists any identified property, (ii) describes other property in general terms; and (iii) states that the order will be amended under Rule 32.2(e)(1) when additional specific property is identified or the amount of the money judgment has been calculated.[8]

Further, Rule 32.2(e)(1) and (2) provide:

> (1) *In General*. On the government's motion, the court may at any time enter an order of forfeiture or amend an existing order of forfeiture to include property that: (A) is subject to forfeiture under an existing order of forfeiture but was located and identified after that order was entered . . . .
>
> (2) Procedure. If the government shows that the property is subject to forfeiture under Rule 32.2(e)(1), the court must: (A) enter an order forfeiting that property, or amend an existing preliminary or final order to include it….[9]

The government followed the above-mentioned procedures and subsequently filed the bill of particulars identifying specific properties and a specific criminal forfeiture money judgment. The grand jury returned the indictment before Engstrom filed his civil administrative claim. The government did not need to, and chose not to, pursue the civil forfeiture *in rem* actions because the returned indictment, Rule 32.2, and the bill of particulars all allow for criminal forfeiture.

The government has met the criminal forfeiture requirements of Federal Rules of Criminal Procedure. To conclude differently would eviscerate those sections of Rule 32.2.

---

[7] "The indictment need not identify the property subject to forfeiture or specify the amount of any forfeiture money judgment that the government seeks."
[8] FED. R. CRIM. P. 32.2(b)(1)(C).
[9] FED. R. CRIM. P. 32.2(e)(1) and (2).

4

**B.  In the alternative, this Court may issue a protective order under 21 U.S.C. § 853.**

Although the government was not required to pursue civil forfeiture, and did not, if this Court is concerned about the interaction between Rule 32.2 and 18 U.S.C. § 983 as applied to this case, this Court may choose an alternative solution.

The government may request, and this Court may issue, a protective order for the property pending the criminal case under 21 U.S.C. § 853(e) and 18 U.S.C.§ 983(a)(3)(B) and (C) since the government has already obtained custody of the property.

The civil forfeiture procedures of 18 U.S.C.§ 983(a)(3) state:

> (A) Not later than 90 days after a claim has been filed, the Government shall file a complaint for forfeiture in the manner set forth in the Supplemental Rules for Certain Admiralty and Maritime Claims or return the property pending the filing of a complaint, except that a court in the district in which the complaint will be filed may extend the period for filing a complaint for good cause shown or upon agreement of the parties.
>
> (B) If the Government does not-(i) file a complaint for forfeiture or return the property, in accordance with subparagraph (A); or (ii) before the time for filing a complaint has expired - (I) obtain a criminal indictment containing an allegation that the property is subject to forfeiture; and (II) take the steps necessary to preserve its right to maintain custody of the property as provided in the applicable criminal forfeiture statute,
>
> the Government shall promptly release the property pursuant to regulations promulgated by the Attorney General, and may not take any further action to effect the civil forfeiture of such property in connection with the underlying offense.[10]

This statutory requirement is temporal where no criminal indictment with forfeiture allegations has been filed before the 90-day requirement. During the 90-day period, the government is provided two options: (1) pursue civil forfeiture or (2) pursue a criminal indictment before the grand jury with forfeiture allegations. When the returned criminal

---

[10]   18 U.S.C.§ 983(a)(3)(A-B).

5

indictment with forfeiture allegations is obtained *before* the 90-day requirement even starts, the government has met the forfeiture requirements of Rule 32.2, is no longer subject to 18 U.S.C. § 983(a)(3)(A) and (B) and need not pursue civil forfeiture.[11]

In this case, the criminal indictment with forfeiture was filed more than two months before the 90 days began. Temporally, if the criminal indictment with forfeiture allegations is filed during the 90 days, then the government must use applicable criminal forfeiture procedures to possess the property. But again, here the indictment with forfeiture allegations was returned before the 90 days began to run and the government is seeking forfeiture under 21 U.S.C. § 853.

The government may request a restraining order or preliminary injunction under 21 U.S.C. § 853(e). However, the government does not need to request this Court to issue an order to restrain or to enjoin itself. Additionally, the government may request this Court to issue a criminal forfeiture seizure warrant if the government shows why the restraining order or preliminary injunction will not work.[12] However, the government likewise does not need to request this Court to seize the asset from itself.

When the government applies for preservation of seized property, "the court may … *take any other action to preserve the availability of property* … for forfeiture under this section[.]"[13]

> Moreover, if the court determines that there is probable cause to believe that the property would be forfeitable in the event of conviction and that a protective order will not be sufficient to assure the availability of the property for forfeiture upon conviction, then the court has the discretion to issue a pre-indictment seizure warrant. The procedures governing the procurement of a seizure warrant are the same as those governing the procurement of a search warrant.[14]

---

[11] *See also* 18 U.S.C. § 983(a)(3)(C) ("In lieu of, or in addition to, filing a civil forfeiture complaint, the Government may include a forfeiture allegation in a criminal indictment.").
[12] 21 U.S.C. § 853(f).
[13] 21 U.S.C. § 853(e) (emphasis added); *Diversified Fiber Prods. v. United States (In re Thena, Inc.)*, 190 B.R. 407, 410-411 (D. Or. 1995).
[14] *Thena*, 190 B.R. at 411 (internal citations omitted).

Because the government already has seized the specific property, a protective order is sufficient without requiring a retraining order, injunction, or a performance bond (which the defendant would have to provide). Instead, the requested protective order meets the statutory provision allowing the government to "take any other action to preserve the availability of property described in subsection (a) for forfeiture under this section[.]"[15]

Additionally, the requested protective order meets the relevant statutory requirements. Multiple courts have found the government can maintain and preserve seized property by issuing a protective order and not issuing a restraining order, preliminary injunction, or criminal forfeiture seizure warrant under 21 U.S.C. § 853(e), 21 U.S.C. § 853(f), and 18 U.S.C. § 983(a)(3)(A)-(C).[16]

In *2000 White Mercedes*, the government initially executed civil forfeiture seizure warrants to seize property and sent civil administrative notices, but then sought a criminal forfeiture seizure warrant under 21 U.S.C. § 853(f) and 18 U.S.C. § 983(a)(3)(C).[17] The court denied the criminal forfeiture seizure warrant, holding that a protective order was sufficient since the government had the seized assets in its custody.[18]

In *Scarmazzo*, law enforcement seized cash pursuant to search warrants executed at two separate residences and a bank.[19] The government thereafter included forfeiture allegations in a criminal indictment and filed a bill of particulars concerning the cash

---

[15] 21 U.S.C. § 853(e)(1).
[16] *See, e.g., United States v. 2000 White Mercedes*, 220 F. Supp. 2d 1322, 1325 (M.D. Fla. 2001); *United States v. David Young*, 2:12-CR-00502-TC-DB, 2013 WL 1341396, 2 (D. Utah April 3, 2013) (unpublished); *United States v. Abrahams*, 12–CR–0639–JFM, 2013 WL 285719, 1 (D. Md. Jan. 24, 2013) (unpublished); *United States v. Scarmazzo*, 1:06-CR-00342-AWI, 2007 WL 587183, 2-3 (E.D. Cal. Feb. 22, 2007) (unpublished).
[17] 220 F. Supp. 2d at 1323-25.
[18] *Id.* at 1325-26.
[19] 2007 WL 587183, at *1-3.

7

seized.[20] The court granted a subsequent protective order that the government keep the property in its possession, finding no additional order necessary.[21]

In *United States v. Zazueta-Hernandez*, 2020 WL 5016940 (S.D. Ohio 2020), the government executed criminal search warrants to seize property and sent civil administrative notices.[22] The government thereafter obtained a criminal indictment that included forfeiture allegations, subsequently filed a bill of particulars, and then moved for a protective order.[23] The defendants filed an opposition to the motion for a protective order and requested return of property under Federal Rule of Criminal Procedure 41(g).[24] The court held that the applicable criminal forfeiture statute was 21 U.S.C. § 853 and subsection (e)(1) of that statute authorized a court to "take any other action to preserve the availability of property' subject to forfeiture."[25] The court further explained, "In order to satisfy these two provisions - 18 U.S.C. § 983(a)(3)(B)(ii)(II) and 21 U.S.C. § 853(e)(1) - the Government filed the present motion and requests that the Court issue a 'housekeeping' order, which would allow the Government to continue to maintain custody of the seized assets until the criminal case is concluded."[26] The court held:

> Here, the Government represents that it has "taken the seized property into custody for the purpose of a criminal forfeiture action and that it will preserve the seized property until the criminal case, including criminal forfeiture proceedings, is resolved." Because the Government is already in possession of

---

[20] *Id.*
[21] *Id. See also, Abrahams*, 2013 WL 285719, at *1-2 (holding 21 U.S.C. 853(e)(1) allowed the court to "take any other action to preserve the availability of the property" for forfeiture purposes and included the ability to issue a protective order allowing the property to remain in the government's possession pending criminal forfeiture proceedings); *Young*, 2013 WL 1341396, at *1 and *4 (same).
[22] *Id.* at *1-2.
[23] *Id.*
[24] *Id.*
[25] *Id.* at *2.
[26] *Id.*

the seized assets, these representations satisfy the requirements for obtaining a "housekeeping" order.

...

IT IS FURTHER ORDERED that the United States may maintain custody of the property that was seized for forfeiture in this case — including the jewelry seized from Tri-State Jewelers — pending the conclusion of this case, related forfeiture proceedings, and any ancillary proceeding in which any third party with an interest in the property may file a claim contesting its forfeiture pursuant to 21 U.S.C. § 853(n).[27]

As these cases demonstrate, a protective order (like the one requested here) is appropriate and sufficient for the government to maintain possession of property pending a criminal forfeiture proceeding. The government affirms it will maintain and preserve the property throughout the criminal case to ensure its availability for future court order. Indeed, the facts of the instant case are more favorable for the granting of a protective order than those cited above. First, the property to be forfeited was not seized pursuant to a criminal search warrant or a civil seizure warrant. Instead, the government executed a criminal search warrant on a residence for evidence and seized the property under an exception to the Fourth Amendment warrant requirement. Further, no civil forfeiture *in rem* actions were brought and the indictment containing forfeiture allegations was obtained *before* Engstrom even filed a civil administrative claim with DEA. Finally, as noted several times by the government and found by the magistrate judge, the property has evidentiary value.

Additionally, the collective reasoning of the opinions cited above support a protective order in this case. The relevant language of Section 853(e)(1) is broad and authorizes the government to maintain custody of seized property for criminal forfeiture.

---

[27] *Id*. at *4 (internal citations omitted).

Issuing a protective order ensures the availability of the seized property for criminal forfeiture. Under this language, the court has jurisdiction to issue any necessary order to preserve the seized property for criminal forfeiture. The Court does not need to issue a restraining order, a preliminary injunction, or a criminal seizure warrant because the seized property is already in the government's custody. The government does not need to restrain itself, enjoin itself, or seize the property from itself because the government will preserve the seized property for criminal forfeiture until the conclusion of the criminal case.

These reasons support the government's request for this Court to issue a protective order. See attached proposed protective order.

### C. Probable Cause Supports the Illegal Proceeds are from Engstrom's Charged Crimes.

To the extent this Court believes a protective order such as the one being requested here requires a finding of probable cause that the property is subject to forfeiture, that finding has already been made in this case.[28] In the Report and Recommendation, the magistrate judge summarized the facts as included in the government's proffer, as well as the search warrant affidavit which was attached as an exhibit, and concluded "the Court has no difficulty finding the Government met its burden of showing probable cause in this case."[29] This is sufficient to justify the requested protective order.[30]

---

[28] *But see, id.* at *3-4 (holding that probable cause is not necessary to issue a protective order).
[29] ECF No. 139, p.4.
[30] To the extent this Court believes additional probable cause is necessary to issue the requested protective order, the government has no objection to setting a hearing on the matter. *See Kaley v. United States*, 571 U.S. 320, 323-24, 340 (2014) (holding that probable cause to grant a pretrial post-indictment restraining order on property requires a probable cause finding only that the property at issue has the requisite connection to the charged offenses); *Honeycutt v. United States*, 137 S. Ct. 1626, 1633 (2017) ("Pretrial restraints on forfeitable property are permitted only when the Government proves, at a hearing, that (1) the defendant has committed an offense triggering forfeiture, and (2) 'the property at issue has the requisite connection to that crime.'").

## III. CONCLUSION

Based on the foregoing reasons, this Court should enter the proposed protective order for the government to maintain and to preserve the seized property until the conclusion of the criminal case.

Dated the 29th day of June, 2022.

Respectfully submitted,

JASON M. FRIERSON
United States Attorney

/s/ *Christopher Burton*
CHRISTOPHER BURTON
Assistant United States Attorney

JASON M. FRIERSON
United States Attorney
Nevada Bar No. 7709
CHRISTOPHER BURTON
Assistant United States Attorney
Nevada Bar No. 12940
KIMBERLY SOKOLICH
Assistant United States Attorney
501 Las Vegas Boulevard South, Suite 1100
Las Vegas, Nevada 89101
(702) 388-6336
Christopher.Burton4@usdoj.gov
Kimberly.Sokolich@usdoj.gov
*Attorneys for the United States*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>PAUL ENGSTROM,<br><br>　　　　Defendant. | Case No. 2:21-cr-190-ART-EJY<br><br>**Protective Order Regarding the Forfeitable Property** |

　　This Court having read the United States of America's Motion for a Protective Order regarding the Forfeitable Property pending the Criminal Case, and good cause having been shown,

　　IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the United States of America is authorized to maintain and preserve the following property until the conclusion of the instant criminal case, or pending further Order of this Court;

　　1.　2020 smokey gray Harley-Davidson Touring, VIN 1HD1TEH23LB954585,

　　　　bearing Nevada License plate number STINKS;

　　2.　2019 white Ducati Racer Motorcycle, VIN ZDMVABDS0KB007875, bearing

　　　　Nevada License plate number KNZL;

3. 2019 black Ducati Cruiser Motorcycle, VIN ZDM13BKW2KB010548, bearing Nevada License plate number XDVL;

4. 2019 titanium gray and black Ducati X Diavel Motorcycle, VIN ZDM13BKW1MB000502, bearing Nevada License plate number NX191017;

5. 2021 black hole with pinstripe Harley Davidson Cruiser, VIN 1HD1TCL13MB952002, bearing Nevada License plate number 910044;

6. 2020 red Ducati Superleggera Motorcycle, VIN ZDMDAGUW1LB000138; and

7. 284.742879735905 Monero Cryptocurrency

(all of which constitutes property).

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that in applying for and obtaining this Order, the United States of America has complied with the requirements of 21 U.S.C. § 853(e) and 18 U.S.C. § 983(a)(3)(A)-(C) and regarding the preservation of the property for criminal forfeiture.

Dated the 29th day of June, 2022.

---
HON. ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE

# CERTIFICATE OF SERVICE

I certify that I am an employee of the United States Attorney's Office. A copy of the foregoing **Motion for a Protective Order Regarding Forfeitable Property Pending the Criminal Case and (draft) Protective Order Regarding the Forfeitable Property** was served upon defendant via Certified Mail to:

Paul Engstrom 06870041
Nevada Southern Detention Center
2190 E. Mesquite Avenue
Pahrump, NV 89060

**DATED** June 29, 2022.[31]

/s/ Christopher Burton
_____
CHRISTOPHER BURTON
Assistant United States Attorney

---

[31] Counsel anticipates mailing this motion to Engstrom on June 30, 2022. *See* FED. R. CRIM. P. 49(a)(4)(C) (stating service is complete upon mailing the pleading).