UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                      Plaintiff,<br>    v.<br>PAUL ENGSTROM, VINCENT CUOMO, ABRAHAM ELLIOTT, and JOSEPH KRIEGER,<br><br>                     Defendants. | Case No. 2:21-cr-00190-ART-EJY<br><br>ORDER |

Before the Court is a Report and Recommendation ("R&R") of United States Magistrate Judge Elayna J. Youchah (ECF No. 139), recommending the Court grant in part and deny in part Mr. Engstrom's motion for return of property (ECF No. 132.) Engstrom filed an objection to the R&R. (ECF No. 143 ("Objection").) Because the Court agrees with Judge Youchah's recommendation, the Court will adopt the R&R in full.

The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where a party timely objects to a magistrate judge's report and recommendation, then the Court is required to "make a de novo determination of those portions of the [report and recommendation] to which objection is made." *Id.* The Court therefore conducts a de novo review of the portions of the R&R to which Engstrom objects.

Engstrom does not challenge the portion of the R&R that recommends granting Engstrom's motion for return of property with respect to: (1) $15,500 U.S. Currency; (2) 0.33081041 Bitcoins (2); (3) 0.13613809 Bitcoins (2); (4)10,214.4445896 Dogecoin; (5) 0.451462387496977257 Ethereum; (6) 1,165.68039959 Paxos Standard; (7) $3,500 U.S. Currency; (8) Three ATM

machines; and, (9) 2018 Ducati Panigale Motorcycle, VIN ZDMDAGNW8JB003209. The government also does not object to the return of this property. The Court accordingly grants Engstrom's motion with respect to that property.

Engstrom objects to Judge Youchah's recommendation that Engstrom's motion be denied with respect to six motorcycles that were seized during the execution of search warrants: (1) 2020 smokey gray Harley-Davidson Touring, VIN 1HD1TEH23LB954585, bearing Nevada License plate number STINKS; (2) 2019 white Ducati Racer Motorcycle, VIN ZDMVABDS0KB007875, bearing Nevada License plate number KNZL; (3) 2019 black Ducati Cruiser Motorcycle, VIN ZDM13BKW2KB010548, bearing Nevada License plate number XDVL; (4) 2019 titanium gray and black Ducati X Diavel Motorcycle, VIN ZDM13BKW1MB000502, bearing Nevada License plate number NX191017; (5) 2021 black hole with pinstripe Harley Davidson Cruiser, VIN 1HD1TCL13MB952002, bearing Nevada License plate number 910044; and (6) 2020 red Ducati Superleggera Motorcycle, VIN ZDMDAGUW1LB000138. At the time, law enforcement had evidence that Engstrom was selling cocaine over the dark web and receiving millions of dollars in return at a time when he had no legitimate employment or identified source of income. Based on the investigation up to that point, agents had sufficient probable cause to seize the motorcycles as being subject to forfeiture.

Engstrom primarily argues that the motorcycles must be returned because (1) the government failed to comply with 18 U.S.C. § 983, and (2) they were not listed in Attachment B of the search warrants. Judge Youchah found that 18 U.S.C. § 983 was inapplicable to Engstrom's motion for return of property, and that the government complied with the relevant forfeiture statutes and rules. The Court agrees with Judge Youchah.

The government complied with all applicable forfeiture statutes and filed its Indictment with forfeiture allegations long before Engstrom filed a claim for return of property. (ECF No. 139 at 2-3.) Criminal forfeiture proceedings are governed by 18 U.S.C. § 982, 21 U.S.C. § 853, and the Federal Rules of Criminal Procedure 32.2 ("Rule 32.2"). These rules recognize that the government can seek forfeiture by criminal indictment. Rule 32.2 requires the Government to give notice of its intent to seek forfeiture. Such notice of forfeiture may occur through forfeiture allegations in an Indictment, such as occurred here, and need not include the identification of "the property subject to forfeiture or specify the amount of any forfeiture money judgment that the government seeks." *United States v. Lo*, 839 F.3d 777, 791 (9th Cir. 2016). Because the government sought forfeiture by criminal indictment, it was not required to also comply with various requirements of 18 U.S.C. § 983 that apply to nonjudicial civil forfeiture proceedings. So, Engstrom's argument that the government failed to comply with those civil forfeiture requirements is misplaced because § 983 expressly recognizes that the government's option to seek forfeiture in a criminal indictment "in lieu of, or in addition to," filing a civil forfeiture complaint. 18 U.S.C. § 983(a)(3)(C). This same provision also provides that if criminal forfeiture is "the only forfeiture proceeding commenced by the Government, the Government's right to continued possession of the property shall be governed by the applicable criminal forfeiture statute." *Id.*

Here, the indictment with forfeiture allegations was obtained before Engstrom made any claim for return of property. The government took steps to preserve its right to maintain custody under the applicable criminal forfeiture statutes. The Court overrules Engstrom's objections as they pertain to 18 U.S.C. § 983, including his challenge to 28 C.F.R. § 8.13.

Engstrom's also challenges the seizure of the motorcycles under Rule 41(g) on the basis they were not specifically listed in Attachment B of the applicable

3

search warrants. *See* Fed. R. Crim. P. 41(g) ("Rule 41(g)") (authorizing court to return seized property with "reasonable conditions to protect access to the property and its use in later proceedings." Judge Youchah rejected the argument because seizures of property without a warrant may be made "in the same manner as provided for [in] a search warrant" if "there is probable cause to believe the property is subject to forfeiture and the seizure is made pursuant to a lawful arrest or search." 18 U.S.C. § 981(b)(2)(B)(i). The Court agrees with Judge Youchah that the Government met its burden based on the absence of credible evidence that Engstrom has a source of funds to support the purchases of property at issue. The Court therefore does not reach the issue of whether the motorcycles have evidentiary value.

Mr. Engstrom does not object to Judge Youchah's R&R on the basis that he needs the motorcycles at issue to retain counsel of his choice. Nevertheless, the Court notes that it agrees with Judge Youchah's finding that Engstrom is not entitled to a hearing on this issue because he has not made the required threshold showing that specific, definite funds are needed to pay for counsel and lacks access to unrestrained funds to do so.

It is therefore ordered that Judge Youchah's Report and Recommendation (ECF No. 139) is accepted and adopted in full.

DATED THIS 17th Day of August 2022.

_____
ANNE T. TRAUM
UNITED STATES DISTRICT JUDGE