# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, | 2:21-CR-00190-ART-EJY |
| Plaintiff, | **Preliminary Order of Forfeiture** |
| v. | |
| PAUL ENGSTROM, | |
| Defendant. | |

This Court finds Paul Engstrom pled guilty to Counts One and Two of a Two-Count Superseding Criminal Information charging him in Count One with conspiracy to distribute a controlled substance in violation of 21 U.S.C. §§ 841(a)(1) and 846 and in Count Two with money laundering conspiracy in violation of 18 U.S.C. § 1956(a)(1)(B)(i) and 1956(h). Superseding Criminal Information, ECF No. 259; Change of Plea, ECF No. 265; Plea Agreement, ECF No. 260.

This Court finds Paul Engstrom agreed to the forfeiture of the property and the imposition of the in personam criminal forfeiture money judgment set forth in the Plea Agreement and the Forfeiture Allegations of the Superseding Criminal Information. Superseding Criminal Information, ECF No. 259; Change of Plea, ECF No. 265; Plea Agreement, ECF No. 260.

This Court finds, under Fed. R. Crim. P. 32.2(b)(1) and (b)(2), the United States of America has shown the requisite nexus between property set forth in the Plea Agreement and the Forfeiture Allegations of the Superseding Criminal Information and the offenses to which Paul Engstrom pled guilty.

The following property and money judgment are (1) any property, real or personal, which constitutes or is derived from proceeds traceable to a violation of 21 U.S.C.

§ 841(a)(1), a specified unlawful activity as defined in 18 U.S.C. §§ 1956(c)(7)(A) and 1961(1)(D), or 21 U.S.C. § 846, conspiracy to commit such offense; (2) any property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of violations of 21 U.S.C. §§ 841(a)(1) and 846; (3) any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of a violation of 21 U.S.C. §§ 841(a)(1) and 846; (4) all conveyances, including aircraft, vehicles, or vessels, which are used, or are intended for use, to transport, or in any manner to facilitate the transportation, sale, receipt, possession, or concealment of property described in 21 U.S.C. § 881(a)(1), (2), and (9), in violation of 21 U.S.C. §§ 841(a)(1) and 846; (5) all moneys, negotiable instruments, securities, or other things of value furnished or intended to be furnished in exchange for a controlled substance or listed chemical in violation of 21 U.S.C. §§ 841(a)(1) and 846, all proceeds traceable to such an exchange, and all moneys, negotiable instruments, and securities used or intended to be used to facilitate any violation of 21 U.S.C. §§ 841(a)(1) and 846; (6) any property, real or personal, involved in transactions or attempted transactions in violation of 18 U.S.C. § 956(a)(1)(B)(i) and 1956(h), or any property traceable to such property; (7) any property, real or personal, which constitutes or is derived from proceeds traceable to a violation of 18 U.S.C. § 1956(a)(1)(B)(i), a specified unlawful activity as defined in 18 U.S.C. §§ 1956(c)(7)(A) and 1961(1)(B), or 18 U.S.C. § 1956(h), conspiracy to commit such offense; and (8) any property, real or personal, involved in a violation of 18 U.S.C. § 1956(a)(1)(B)(i) and 1956(h), or any property traceable to such property and are subject to forfeiture under 18 U.S.C. § 981(a)(1)(C) with 28 U.S.C. § 2461(c); 21 U.S.C. § 853(a)(1), 853(a)(2), and 853(p); 21 U.S.C. § 881(a)(4) with 28 U.S.C. § 2461(c); 21 U.S.C. § 881(a)(6) with 28 U.S.C. § 2461(c); 18 U.S.C. § 981(a)(1)(A) with 28 U.S.C. § 2461(c); 18 U.S.C. § 981(a)(1)(C) with 28 U.S.C. § 2461(c); and 18 U.S.C. § 982(a)(1):

1. 2020 smokey gray Harley-Davidson Touring, VIN 1HD1TEH23LB954585, bearing Nevada License plate number STINKS;

/ / /

  2. 2019 white Ducati Racer Motorcycle, VIN ZDMVABDS0KB007875, bearing Nevada License plate number KNZL;

  3. 2019 black Ducati Cruiser Motorcycle, VIN ZDM13BKW2KB010548, bearing Nevada License plate number XDVL;

  4. 2019 titanium gray and black Ducati X Diavel Motorcycle, VIN ZDM13BKW1MB000502, bearing Nevada License plate number NX191017;

  5. 2021 black hole with pinstripe Harley Davidson Cruiser, VIN 1HD1TCL13MB952002, bearing Nevada License plate number 910044;

  6. 2020 red Ducati Superleggera Motorcycle, VIN ZDMDAGUW1LB000138; and

  7. 284.742879735905 Monero Cryptocurrency

(all of which constitutes property)

and an in personam criminal forfeiture money judgment of $1,715,577, not to be held jointly and severally liable with any codefendants, the collected money judgment amount between the codefendants is not to exceed $1,715,577 to ensure the government does not collect more than the forfeitable amount based on the forfeiture statutes and Ninth Circuit cases, and that the property will be applied toward the payment of the money judgment.

This Court finds that on the government's motion, the Court may at any time enter an order of forfeiture or amend an existing order of forfeiture to include subsequently located property or substitute property under Fed. R. Crim. P. 32.2(e) and 32.2(b)(2)(C).

The in personam criminal forfeiture money judgment complies with *United States v. Lo*, 839 F.3d 777 (9th Cir. 2016); *Honeycutt v. United States*, 581 U.S. 443 (2017); *United States v. Thompson*, 990 F.3d 680 (9th Cir. 2021); and *United States v. Prasad*, 18 F.4th 313 (9th Cir. 2021).

This Court finds the United States of America is now entitled to, and should, reduce the aforementioned property to the possession of the United States of America.

NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the United States of America should seize the aforementioned property.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the United States of America recover from Paul Engstrom an in personam criminal forfeiture money judgment of $1,715,577.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED all possessory rights, ownership rights, and all rights, titles, and interests of Paul Engstrom in the aforementioned property are forfeited and are vested in the United States of America and shall be safely held by the United States of America until further order of the Court.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED the United States of America shall publish for at least thirty (30) consecutive days on the official internet government forfeiture website, www.forfeiture.gov, notice of this Order, which shall describe the forfeited property, state the times under the applicable statute when a petition contesting the forfeiture must be filed, and state the name and contact information for the government attorney to be served with the petition, under Fed. R. Crim. P. 32.2(b)(6). Notice is served on any individual or entity on the date when it is placed in the mail, delivered to a commercial carrier, or sent by electronic mail under Fed. R. Crim. P. 32.2(b)(6)(D) and Supplemental Rule G4(b)(i) and (iv).

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that any individual or entity who claims an interest in the forfeited property must file a petition for a hearing to adjudicate the validity of the petitioner's alleged interest in the property under 21 U.S.C. § 853(n)(2), which petition shall be signed by the petitioner under penalty of perjury under 21 U.S.C § 853(n)(3) and 28 U.S.C. § 1746, and shall set forth the nature and extent of the petitioner's right, title, or interest in the property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the property, any additional facts supporting the petitioner's claim, and the relief sought.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED a petition, if any, must be filed with the Clerk of the Court, 333 Las Vegas Boulevard South, Las Vegas, Nevada 89101, no later than thirty (30) days after the notice is sent or, if direct notice was

/ / /

4

not sent, no later than sixty (60) days after the first day of the publication on the official internet government forfeiture site, www.forfeiture.gov, whichever is earlier.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED a copy of the petition, if any, shall be served upon the Asset Forfeiture Attorney of the United States Attorney's Office at the following address at the time of filing:

> Daniel D. Hollingsworth
> Assistant United States Attorney
> Misty L. Dante
> Assistant United States Attorney
> 501 Las Vegas Boulevard South, Suite 1100
> Las Vegas, Nevada 89101.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED the notice described herein need not be published in the event a Declaration of Forfeiture is issued by the appropriate agency following publication of notice of seizure and intent to administratively forfeit the above-described property.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Clerk send copies of this Order to all counsel of record and three certified copies to the United States Attorney's Office, Attention Asset Forfeiture Unit.

DATED July 21, 2023.

_____
ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE