AO 245C (Rev. 09/20) Amended Judgment in a Criminal Case             (NOTE:  Identify Changes with Asterisks (*))

# UNITED STATES DISTRICT COURT

| | |
|---|---|
| UNITED STATES OF AMERICA<br>v.<br>PAUL ENGSTROM<br><br>**\*Date of Original Judgment: February 27, 2024.** | **AMENDED**<br>**JUDGMENT IN A CRIMINAL CASE**<br>Case Number: 2:21-cr-00190-ART-EJY<br>USM Number: 06870-041<br><br>Paul Engstrom, *Pro Se*<br>Defendant's Attorney<br>Joanne L. Diamond, AFPD (Standby Counsel)<br>Defendant's Attorney |

**THE DEFENDANT:**

☑ pleaded guilty to Counts 1 and 2 of the Superseding Criminal Information filed July 21, 2023 (ECF No. 259).

☐ pleaded nolo contendere to count(s) _____
  which was accepted by the court.

☐ was found guilty on count(s) _____
  after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| **Title&Section** | **Nature of Offense** | **OffenseEnded** | **Count** |
|---|---|---|---|
| 21 U.S.C. §§ 846, 841(a)(1) and (b)(1)(B)(ii) | Conspiracy to Distribute a Controlled Substance | June 21, 2021 | 1 |
| 18 U.S.C. §§ 1956(a)(1)(B)(i) and (h) | Money Laundering Conspiracy | June 21, 2021 | 2 |

The defendant is sentenced as provided in pages 2 through 7 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☐ Count(s) _____ ☐ is ☐ are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

February 1, 2024
Date of Imposition of Judgment

*/s/ Anne Russell Traum*
Signature of Judge

Anne R. Traum, United States District Court Judge
Name and Title of Judge

February 27, 2024
Date

AO 245C (Rev. 09/20) Amended Judgment in a Criminal Case                    (NOTE:  Identify Changes with Asterisks (*))

DEFENDANT: Paul Engstrom                                                             Judgment Page 2
CASE NUMBER: 2:21-cr-00190-ART-EJY

## IMPRISONMENT

The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of:

**\*FORTY-SIX (46) MONTHS PER COUNT TO RUN CONCURRENT.  The defendant shall received credit for time served.**

☐  The court makes the following recommendations to the Bureau of Prisons:

☑  The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
**by 12:00 p.m. on Monday, May 6, 2024.**

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

at _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245C (Rev. 09/20) Amended Judgment in a Criminal Case                       (NOTE:  Identify Changes with Asterisks (*))

DEFENDANT: Paul Engstrom                                                                                        Judgment Page 3
CASE NUMBER: 2:21-cr-00190-ART-EJY

## SUPERVISED RELEASE

Upon release from imprisonment, you will be on supervised release for a term of:

    **\*TWO (2) YEARS PER COUNT TO RUN CONCURRENT.**

## MANDATORY CONDITIONS

1. You must not commit another federal, state or local crime.
2. You must not unlawfully possess a controlled substance.
3. You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.
   - ☐ The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. *(check if applicable)*
4. ☐ You must make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentence of restitution. *(check if applicable)*
5. ☒ You must cooperate in the collection of DNA as directed by the probation officer. *(check if applicable)*
6. ☐ You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location where you reside, work, are a student, or were convicted of a qualifying offense. *(check if applicable)*
7. ☐ You must participate in an approved program for domestic violence. *(check if applicable)*

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

AO 245C (Rev. 09/20) Amended Judgment in a Criminal Case          (NOTE:  Identify Changes with Asterisks (*))

DEFENDANT: Paul Engstrom                                                                                      Judgment Page 4
CASE NUMBER: 2:21-cr-00190-ART-EJY

## STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision.  These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4. You must answer truthfully the questions asked by your probation officer.
5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so.  If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8. You must not communicate or interact with someone you know is engaged in criminal activity.  If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction.  The probation officer may contact the person and confirm that you have notified the person about the risk.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

## U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at: www.uscourts.gov.

Defendant's Signature _____          Date _____

DEFENDANT: Paul Engstrom                                                                                                    Judgment Page 5
CASE NUMBER: 2:21-cr-00190-ART-EJY

## SPECIAL CONDITIONS OF SUPERVISION

1. **Access to Financial Information** – You must provide the probation officer access to any requested financial information and authorize the release of any financial information. The probation office will share financial information with the U.S. Attorney's Office.

2. **No Contact** – You must not communicate, or otherwise interact, with Vincent Cuomo, Abraham Elliott, and Joseph Krieger, either directly or through someone else, without first obtaining the permission of the probation office.

3. **Computer Search** – **Monitoring Software** – To ensure compliance with the computer monitoring condition, you must allow the probation officer to conduct periodic, unannounced searches of any computers (as defined in 18 U.S.C. § 1030(e)(1)) subject to computer monitoring. These searches shall be conducted for the purposes of determining whether the computer contains any prohibited data prior to installation of the monitoring software; to determine whether the monitoring software is functioning effectively after its installation; and to determine whether there have been attempts to circumvent the monitoring software after its installation. You must warn any other people who use these computers that the computers may be subject to searches pursuant to this condition.

4. **Search and Seizure** – You must submit your person, property, house, residence, vehicle, papers, computers (as defined in 18 U.S.C. § 1030(e)(1)), other electronic communications or data storage devices or media, or office, to a search conducted by a United States Probation Officer. Failure to submit to a search may be grounds for revocation of release. You must warn any other occupants that the premises may be subject to searches pursuant to this condition.

   The probation officer may conduct a search under this condition only when reasonable suspicion exists that you have violated a condition of supervision and that the areas to be searched contain evidence of this violation. Any search must be conducted at a reasonable time and in a reasonable manner.

DEFENDANT: Paul Engstrom  
CASE NUMBER: 2:21-cr-00190-ART-EJY

Judgment Page 6

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Judgment Page 7.

|  | **Assessment** | **Restitution** | **Fine** | **AVAA Assessment*** | **JVTA Assessment**** |
|---|---|---|---|---|---|
| **TOTALS** | $200.00 | NA | NA | NA | NA |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss*****  | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
| U.S. District Court, District of Nevada<br>Attn: Clerk of Court - Finance Department<br>RE: Case No. 2:21-cr-00190-ART-EJY<br>333 Las Vegas Blvd., South<br>Room 1334<br>Las Vegas, NV 89101 | | | |
| **TOTALS** | $ _____ | $ _____ | |

☐ Restitution amount ordered pursuant to plea agreement  $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

☐ the interest requirement is waived for the   ☐ fine   ☐ restitution.

☐ the interest requirement for the   ☐ fine   ☐ restitution is modified as follows:

\* Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018, Pub. L. No. 115-299.  
\*\* Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.  
\*\*\* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245C (Rev. 09/20) Amended Judgment in a Criminal Case     (NOTE: Identify Changes with Asterisks (*))

DEFENDANT: Paul Engstrom  
CASE NUMBER: 2:21-cr-00190-ART-EJY

Judgment Page 7

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

**A**  ☑ Lump sum payment of **$200.00** due immediately.

**B**  ☐ Payment to begin immediately (may be combined with   ☐ C,   ☐ D, or   ☐ F below); or

**C**  ☐ Payment in equal _____ *(e.g., weekly, monthly, quarterly)* installments of $ _____ over a period of _____ *(e.g., months or years)*, to commence _____ *(e.g., 30 or 60 days)* after the date of this judgment; or

**D**  ☐ Payment in equal _____ *(e.g., weekly, monthly, quarterly)* installments of $ _____ over a period of _____ *(e.g., months or years)*, to commence _____ *(e.g., 30 or 60 days)* after release from imprisonment to a term of supervision; or

**E**  ☐ Payment during the term of supervised release will commence within _____ *(e.g., 30 or 60 days)* after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F**  ☐ Special instructions regarding the payment of criminal monetary penalties:

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

| Case Number<br>Defendant and Co-Defendant Names<br>*(including defendant number)* | Total Amount | Joint and Several Amount | Corresponding Payee, if appropriate |
|---|---|---|---|
| | | | |

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☑ The defendant shall forfeit the defendant's interest in the following property to the United States:

**See attached Amended Final Order of Forfeiture (ECF No. 331).**

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) AVAA assessment, (5) fine principal, (6) fine interest, (7) community restitution, (8) JVTA assessment, (9) penalties, and (10) costs, including cost of prosecution and court costs.

**UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>PAUL ENGSTROM,<br><br>Defendant. | 2:21-CR-190-ART-EJY<br><br>**Amended Final Order of Forfeiture** |

The United States District Court for the District of Nevada entered a Preliminary Order of Forfeiture under Fed. R. Crim. P. 32.2(b)(1) and (b)(2); 18 U.S.C. § 981(a)(1)(C) with 28 U.S.C. § 2461(c); 21 U.S.C. § 853(a)(1), 853(a)(2), and 853(p); 21 U.S.C. § 881(a)(4) with 28 U.S.C. § 2461(c); 21 U.S.C. § 881(a)(6) with 28 U.S.C. § 2461(c); 18 U.S.C. § 981(a)(1)(A) with 28 U.S.C. § 2461(c); 18 U.S.C. § 981(a)(1)(C) with 28 U.S.C. § 2461(c); and 18 U.S.C. § 982(a)(1) based upon the plea of guilty by Paul Engstrom to the criminal offenses, forfeiting the property set forth in the Plea Agreement and the Forfeiture Allegations of the Superseding Criminal Information and shown by the United States to have the requisite nexus to the offenses to which Paul Engstrom pled guilty. Superseding Criminal Information, ECF No. 259; Plea Agreement, ECF No. 260; Arraignment & Plea, ECF No. 265; Preliminary Order of Forfeiture, ECF No. 266.

This Court finds that on the government's motion, the Court may at any time enter an order of forfeiture or amend an existing order of forfeiture to include subsequently located property or substitute property under Fed. R. Crim. P. 32.2(e) and 32.2(b)(2)(C).

The in personam criminal forfeiture money judgment amount of $1,715,577 complies with *United States v. Lo*, 839 F.3d 777 (9th Cir. 2016); *Honeycutt v. United States*, 581 U.S. 443 (2017); *United States v. Thompson*, 990 F.3d 680 (9th Cir. 2021); and *United States v. Prasad*, 18 F.4th 313 (9th Cir. 2021).

This Court finds the United States published the notice of forfeiture in accordance with the law via the official government internet forfeiture site, www.forfeiture.gov, consecutively from July 27, 2023, through August 25, 2023, notifying all potential third parties of their right to petition the Court. Notice of Filing Proof of Publication, ECF No. 284-1, p. 5.

This Court finds the United States notified known third parties of their right to petition the Court by regular mail and certified mail return receipt requested. Notice of Filing Service of Process – Mailing, ECF No. 286; Addendum to Notice of Filing Service of Process – Mailing, ECF No. 290.

On August 24, 2023, the United States Attorney's Office served Crane M. Pomerantz and Vincent Cuomo c/o Crane M. Pomerantz at Clark Hill PLC with copies of the Preliminary Order of Forfeiture and the Notice through regular mail and certified mail return receipt requested. Notice of Filing Service of Process – Mailing, ECF No. 286-1, p. 3, 7-19.

On August 24, 2023, the United States Attorney's Office served Lucas Gaffney and Joseph Krieger c/o Lucas Gaffney at Gaffney Law with copies of the Preliminary Order of Forfeiture and the Notice through regular mail and certified mail return receipt requested. Notice of Filing Service of Process – Mailing, ECF No. 286-1, p. 3, 7-15, 20-22.

On August 24, 2023, the United States Attorney's Office served Abraham Elliott c/o Kendall S. Stone at Pitaro & Fumo, Chtd. with copies of the Preliminary Order of Forfeiture and the Notice through regular mail and certified mail return receipt requested. Notice of Filing Service of Process – Mailing, ECF No. 286-1, p. 3, 7-15, 23-25.

On August 24, 2023, the United States Attorney's Office served and attempted to serve Kendall S. Stone, Attorney for Abraham Elliott at Pitaro & Fumo, Chtd. with copies of the Preliminary Order of Forfeiture and the Notice through regular mail and certified mail return receipt requested. The regular mail was not returned. The status of the certified mail is unknown as the US Postal Service has the document listed as in transit since August 28, 2023. Notice of Filing Service of Process – Mailing, ECF No. 286-1, p. 3, 7-15, 26-28.

On August 24, 2023, the United States Attorney's Office served Abraham Jay Elliott at Midseason Mist Street with copies of the Preliminary Order of Forfeiture and the Notice through regular mail and certified mail return receipt requested. Notice of Filing Service of Process – Mailing, ECF No. 286-1, p. 3, 7-15, 29-31.

On August 24, 2023, the United States Attorney's Office served and attempted to serve Abraham Jay Elliott at Lonesome Biker Lane with copies of the Preliminary Order of Forfeiture and the Notice through regular mail and certified mail return receipt requested. The regular mail was not returned. The certified mail was returned as unclaimed and unable to forward. Notice of Filing Service of Process – Mailing, ECF No. 286-1, p. 3, 7-15, 32-34.

On August 24, 2023, the United States Attorney's Office served Virginia Engstrom at Saint Augustine Lane with copies of the Preliminary Order of Forfeiture and the Notice through regular mail and certified mail return receipt requested. Notice of Filing Service of Process – Mailing, ECF No. 286-1, p. 7-15, 35-36; Addendum to Notice of Filing Service of Process – Mailing, ECF No. 290.

On August 24, 2023, the United States Attorney's Office served and attempted to serve Virginia Engstrom at Southern Highlands Pkwy with copies of the Preliminary Order of Forfeiture and the Notice through regular mail and certified mail return receipt requested. The regular mail was not returned. The certified mail was returned as unclaimed and unable to forward. Notice of Filing Service of Process – Mailing, ECF No. 286-1, p. 4-15, 38-40.

On August 24, 2023, the United States Attorney's Office served and attempted to serve Daniel Krynzel at Saint Augustine Lane with copies of the Preliminary Order of Forfeiture and the Notice through regular mail and certified mail return receipt requested. The regular mail was not returned. The certified mail was returned as unclaimed and unable to forward. Notice of Filing Service of Process – Mailing, ECF No. 286-1, p. 4, 7-15, 41-43.

On August 24, 2023, the United States Attorney's Office served Daniel Krynzel at Southern Highlands Pkwy with copies of the Preliminary Order of Forfeiture and the Notice through regular mail and certified mail return receipt requested. Notice of Filing Service of Process – Mailing, ECF No. 286-1, p. 4, 7-15, 44-46.

On August 24, 2023, the United States Attorney's Office attempted to serve Daniel Krynzel at Russell Road with copies of the Preliminary Order of Forfeiture and the Notice through regular mail and certified mail return receipt requested. The regular mail and certified mail were both returned as attempted not known and unable to forward. Notice of Filing Service of Process – Mailing, ECF No. 286-1, p. 4, 7-15, 47-49.

This Court finds no petition was filed herein by or on behalf of any person or entity and the time for filing such petitions and claims has expired.

This Court finds no petitions are pending regarding the property named herein and the time has expired for presenting such petitions.

THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that all possessory rights, ownership rights, and all rights, titles, and interests in the property hereinafter described are condemned, forfeited, and vested in the United States:

1. 2020 smokey gray Harley-Davidson Touring, VIN 1HD1TEH23LB954585, bearing Nevada License plate number STINKS;
2. 2019 white Ducati Racer Motorcycle, VIN ZDMVABDS0KB007875, bearing Nevada License plate number KNZL;
3. 2019 black Ducati Cruiser Motorcycle, VIN ZDM13BKW2KB010548, bearing Nevada License plate number XDVL;
4. 2019 titanium gray and black Ducati X Diavel Motorcycle, VIN ZDM13BKW1MB000502, bearing Nevada License plate number NX191017;
5. 2021 black hole with pinstripe Harley Davidson Cruiser, VIN 1HD1TCL13MB952002, bearing Nevada License plate number 910044;
6. 2020 red Ducati Superleggera Motorcycle, VIN ZDMDAGUW1LB000138;
7. 284.742879735905 Monero Cryptocurrency

(all of which constitutes property); and

that the United States recover from Paul Engstrom the in personam criminal forfeiture money judgment of $1,715,577, not to be held jointly and severally liable with any codefendants, the collected money judgment amount between the codefendants is not to

4

exceed $1,715,577 to ensure the government does not collect more than the forfeitable amount based on the forfeiture statutes and Ninth Circuit cases, and that the property will be applied toward the payment of the money judgment under Ninth Circuit case law, forfeiture statutes, and Fed. R. Crim. P. 32.2(b)(2)(A); and

the forfeiture of the money judgment and the property is imposed under Fed. R. Crim. P. 32.2(b)(4)(A) and (b)(4)(B); Fed. R. Crim. P. 32.2(c)(2); 18 U.S.C. § 981(a)(1)(C) with 28 U.S.C. § 2461(c); 21 U.S.C. § 853(a)(1), 853(a)(2), and 853(p); 21 U.S.C. § 881(a)(4) with 28 U.S.C. § 2461(c); 21 U.S.C. § 881(a)(6) with 28 U.S.C. § 2461(c); 18 U.S.C. § 981(a)(1)(A) with 28 U.S.C. § 2461(c); 18 U.S.C. § 981(a)(1)(C) with 28 U.S.C. § 2461(c); 18 U.S.C. § 982(a)(1); and 21 U.S.C. § 853(n)(7); that the money judgment shall be collected; and that the property and the collected amount shall be disposed of according to law.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that under Fed. R. Crim. P. 32.2(c) and 21 U.S.C. § 853(n)(7), all possessory rights, ownership rights, and all rights, titles, and interests in the property are extinguished and are not recognized for Paul Engstrom, Vincent Cuomo, Joseph Krieger, Abraham Jay Elliott, Virginia Engstrom, Daniel Krynzel, and all third parties.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that any and all forfeited funds, including but not limited to, currency, currency equivalents, certificates of deposit, as well as any income derived as a result of the government's management of any property forfeited herein, and the proceeds from the sale of any forfeited property shall be disposed of according to law.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Clerk send copies of this Order to all counsel of record and three certified copies to the United States Attorney's Office, Attention Asset Forfeiture Unit.

DATED February 7, 2024.

ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE